**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                            No. 95-7349

STEVE ALSTON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-93-144-BO, CA-95-437-5-BO)

Submitted: March 26, 1996

Decided: June 28, 1996

Before HALL, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Steve Alston, Appellant Pro Se. David Paul Folmar, Jr., Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, Steve Alston, appeals the district court's denial of his 28 U.S.C. § 2255 (1988) motion to vacate, set aside, or correct his sentence. Alston claims that the Government breached the plea agreement, that his presentence report contained errors, and that his counsel failed to note an appeal and object to the presentence report as instructed. Finding that Alston makes a colorable claim of ineffective assistance of counsel,[1] we vacate and remand in part.

Pursuant to a plea agreement, Alston pled guilty to using a communication facility to facilitate drug trafficking,[2] and the district court sentenced Alston to sixty months incarceration with three years of supervised release. In his plea agreement, Alston waived his right to appeal his conviction or sentence,[3] but reserved the right to appeal for ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. In his § 2255 motion, Alston never contends that the plea agreement or the waiver of appellate rights was unknowing or involuntary; consequently, Alston's plea agreement, including the waiver provision, are upheld as an intelligent and informed decision.[4]

Although Alston partially waived his appellate rights, he claims in his § 2255 motion that counsel was ineffective because counsel failed to note an appeal after he was allegedly so instructed by Alston. While "a collateral challenge may not do service for an appeal,"[5] this court has said "that a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probabil-

_____

1 **Becton v. Barrnett**, 920 F.2d 1190, 1195 (4th Cir. 1990).
2 18 U.S.C. § 1952 (1988).
3 **United States v. Wiggins**, 905 F.2d 51 (4th Cir. 1990).
4 **North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
5 **United States v. Frady**, 456 U.S. 152, 165 (1982).

2

ity of success."[6] We find Peak dispositive because Alston did not waive all of his appellate rights.[7] Alston reserved his right to appeal based upon ineffective assistance of counsel and prosecutorial misconduct, and he could have challenged whether the waiver of rights provision was enforceable. Further, while the likelihood that Alston could meet the burden of proving ineffective assistance or prosecutorial misconduct is small, Peak eliminates the need for Alston to show actual prejudice.[8] If counsel failed to note an appeal as alleged, then Alston was completely deprived of assistance of counsel on direct appeal and relief is warranted.

Finally, Alston's remaining claims are without merit. Alston's assertion that the Government breached the plea agreement because he did not receive a three-point reduction in his base offense level for acceptance of responsibility is without merit.[9] Alston did in fact receive a three-point reduction. Likewise, Alston's claim of errors in his presentence report is without merit. Alston was aware of the alleged errors at sentencing, but he failed to object. Consequently, Alston's waiver of appellate rights in his plea agreement bars him from raising this claim.

Accordingly, we affirm the district court on Alston's claims that there was a breach of the plea agreement and that there were errors in his presentence report, but because Alston's claim that he requested his attorney to note an appeal was not directly refuted by his attorney, nor did the district court determine whether Alston had in fact requested his attorney to note an appeal, we remand this claim for appropriate findings. If Alston did in fact request counsel to note an appeal, he should be allowed to file one as Peak dictates. We dispense with oral argument because the facts and legal contentions are

_____

**6 United States v. Peak**, 992 F.2d 39, 41-42 (4th Cir. 1993).

**7 Cf. United States v. Wilkes**, 20 F.3d 651, 653 (5th Cir. 1994) (attorney cannot be deficient for failing to raise claims when defendant knowingly and voluntarily waived all appellate and post-conviction relief).
**8 Peak**, 992 F.2d at 42.

**9** United States Sentencing Commission, Guidelines Manual, § 3E1.1(b) (Nov. 1993).

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

4