United States Court of Appeals,

Fifth Circuit.

No. 93-8022.

UNITED STATES of America, Plaintiff-Appellee,

v.

Julius D. WILKES, Defendant-Appellant.

May 16, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH and BARKSDALE, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:

The district court rejected Julius Wilkes's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Finding no error, we affirm.

I.

In September 1991, with Wilkes's written consent, two police officers in Waco searched his car and found four ounces of "crack" cocaine and $2295. Wilkes was arrested and charged with possession with intent to distribute "crack" cocaine in violation of 21 U.S.C. § 841(a)(1).

In January 1992, Wilkes pled guilty to a superseding information for possession of "crack" cocaine with intent to distribute. At the hearing, he was represented by an attorney, acknowledged the plea agreement, and waived indictment. He was

_____

[*]District Judge of the Western District of Louisiana, sitting by designation.

1

sentenced to a term of 121 months' imprisonment, a five-year term of supervised release, and a mandatory $50 special assessment. He also waived his right to appeal his sentence on direct appeal and agreed "not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." The district court granted a motion permitting Wilkes to appeal, but this court dismissed the appeal for lack of jurisdiction.

In October 1992, Wilkes filed a motion to vacate, correct, or set aside his sentence pursuant to § 2255. He contended (1) that his trial attorney rendered ineffective assistance of counsel by failing to file an appeal or advise him of time limitations for filing such appeal; (2) that his waiver of appeal was not knowingly, voluntarily, and intelligently made; and (3) that the federal sentencing guidelines are unconstitutionally vague.

The district court denied Wilkes's § 2255 petition. We reverse the denial of a § 2255 motion only if it is clearly erroneous. *Hall v. Maggio,* 697 F.2d 641, 643 (5th Cir.1983).

## II.

We note at the outset that while we construe *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure. Under FED.R.APP.P. 28(a)(4), Wilkes must identify "the facts relevant to the issues presented for review, with appropriate references to the record," or to record excerpts filed in an appendix, FED.R.APP.P. 28(e), 30(c). Local rules similarly provide that "[e]very assertion in

briefs regarding matter in the record shall be supported by a reference to the page number of the original record where the matter relied upon is to be found." 5TH CIR. R. 28.2.3.

Wilkes has not complied with the requirements of the rules. For instance, he contends that the superseding information failed to specify the type and quantity of drug he possessed. He does not identify where the record substantiates this charge. Failure to comply with the rules of this court regarding the contents of briefs can be grounds for dismissing a party's claims. 5TH CIR. R. 42.3.2.

                                III.

Wilkes contends that he received ineffective assistance of counsel because his attorney failed to object to alleged inaccuracies in the presentence report ("PSR") and that his attorney failed to appeal his conviction or to inform Wilkes of his ability to appeal. He also contends that his guilty plea was involuntary and/or a result of ineffective assistance and of counsel's failure to advise him of the contents of the plea agreement.

In his plea agreement, Wilkes waived all rights to appeal his sentence and waived any post-conviction relief available under 28 U.S.C. § 2255, including this appeal. Under *United States v. Melancon,* 972 F.2d 566, 567 (5th Cir.1992), a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the

3

consequences of waiving that right." *United States v. Baty,* 980 F.2d 977, 979 (5th Cir.1992).

We are aware of no caselaw from this circuit squarely holding that § 2255 relief may be waived in a plea agreement. But, we see no principled means of distinguishing such a waiver from the waiver of a right to appeal. As a general matter, therefore—and at least under the facts and circumstances of this case—an informed and voluntary waiver of post-conviction relief is effective to bar such relief. Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel, *see United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993), *cert. denied,* --- U.S. ----, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993), but here the appropriateness of the waiver is beyond question.

Specifically, the district court found that Wilkes fully understood the waiver of his right to bring an appeal and waived post-conviction motions at the time the plea was accepted. Wilkes attested that he fully understood and voluntarily approved of his plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). By contrast, he has provided no evidence that he did not understand the consequences of his actions. Wilkes's attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining.

Under the plea agreement, Wilkes retained the ability to appeal only an upward departure. The maximum sentence prescribed

4

for § 841(a)(1) is twenty years' imprisonment, five years' supervised release, a fine of $1,000,000, and a $50 special assessment.  21 U.S.C. § 841(b)(1)(C).  Wilkes was sentenced to 121 months' imprisonment, five years' supervised release, and a $50 special assessment.  His sentence falls within the acceptable range, and no upward departure was imposed.  No ineffective assistance can result from a failure to appeal his sentence as an inappropriate upward departure.  "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."  *Smith v. Puckett,* 907 F.2d 581, 585 n. 6 (5th Cir.1990), *cert. denied,* 498 U.S. 1033, 111 S.Ct. 694, 112 L.Ed.2d 685 (1991).

Wilkes is bound by his plea agreement.  The denial of his § 2255 motion, accordingly, is AFFIRMED.