**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-40396
(Summary Calendar)

CRAIG MACK,

Plaintiff-Appellant,

versus

JERRY PETERSON, Deputy Director
of Operations, TDCJ-ID, ET AL.,

Defendants,

THOMAS C. FORD, Doctor, Coffield
Unit; JOE D. CRAWFORD, Doctor,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-777)

November 26, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The instant appeal by Plaintiff-Appellant Craig Mack, a state

prisoner in the Texas Department of Criminal Justice -

---

[*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Institutional Division, is before us for the second time. It now implicates the magistrate judge's denial of Mack's Rule 59(e) motion following remand from the initial appeal to this court, and covers Mack's claims against Drs. Ford and Crawford for deliberate indifference to medical needs and for retaliation. Finding this appeal wholly frivolous and without merit, we dismiss.

Even though we apply a less stringent standard to parties proceeding pro se than to those represented by counsel, and liberally construe briefs of pro se litigants, such parties are not entirely relieved of the obligations to brief the issues and otherwise reasonably comply with the requirements of Fed. R. App. P. 28.[1] Rule 28(a)(6) requires that the appellant's argument set forth the reasons for the request of relief, with citation to authorities and portions of the record on which he relies.[2] An appellant "must identify the facts relevant to the issues presented for review, with appropriate references to the record," . . . and "every assertion in briefs regarding a matter in the record shall be supported by a reference to the page number of the original record, where the matter relied upon is to be found."[3] General arguments which give only broad standards of review and do not cite

---

[1] Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

[2] Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1995).

[3] United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (pro se case) (internal citations, quotations, and alterations omitted).

to specific errors are insufficient to preserve issues for appeal.[4] Failure to comply with the court's rules regarding the contents of briefs can be grounds for dismissing a party's claims.[5]

Mack's brief does not identify any error in the magistrate judge's decision, either expressly or inferentially. He does not argue that the findings of fact are clearly erroneous; neither does he assert any specific legal error. He merely raises three of the claims that he raised in his complaint — due process concerning disciplinary charges, deliberate indifference to his medical needs in making job assignments, and retaliation for filing prison grievances. He does nothing more than to state each claim in one or two sentences and cite a case in support of each claim, without fully explaining his claims or showing how the legal authority cited supports his claim. Nor does he provide any factual background for any of his claims or any record cites to support them. Mack's brief is woefully insufficient to preserve any issues for appeal.[6] Therefore, consistent with this court's Rule 42.3.2, Mack's appeal is

DISMISSED.

---

[4] See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

[5] See 5th Cir. R. 42.3.2.

[6] See <u>Brinkmann</u>, 813 F.2d at 748.

3