IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10480
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS DOVALINA,
a/k/a George,

Defendant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(4:95-CR-58-Y)
_____
April 25, 1997

Before GARWOOD, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Dovalina ( Dovalina) appeals his conviction,

following a jury trial, on all counts of a nine count superseding

indictment charging him with conspiracy to possess with intent to

distribute marihuana contrary to 21 U.S.C. §§ 841 and 846 (count

one), distribution of marihuana contrary to 21 U.S.C. § 841 (counts

two and three), conspiracy to commit money laundering involving the

_____

[*]      Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

proceeds of marihuana distribution contrary to 18 U.S.C. §§ 1956(a)(1) and 1956(h) (count four), and money laundering involving the proceeds of marihuana distribution contrary to 18 U.S.C. § 1956(a)(1)(A)(i) (counts five, six, seven, eight and nine). Dovalina was sentenced to concurrent terms of 156 months on each of counts one and three through nine, and to a 60-month concurrent term on count two; concurrent supervised release terms of four years (on counts one and three) and three years (on the remaining counts) were imposed; there was no fine; special assessments of $50 were imposed on each count, for a total of $450.

On appeal, Dovalina complains of the district court's overruling of his motion to suppress evidence obtained in a search, pursuant to a warrant, of Dovalina's home. The district court ruled that the warrant was not over broad, that it was not shown that any items seized were not covered by the warrant, and that the affidavit for the warrant established probable cause to believe that Dovalina was engaged in marihuana trafficking. However, the district court concluded that the affidavit did not suffice to establish probable cause to search Dovalina's residence because it showed only "a rather tenuous link between the defendant's drug trafficking activities and his residence."[1] Nevertheless, the

---

[1] The same affidavit, which was used to support another warrant pursuant to which Dovalina's office was searched, was found to establish probable cause to search that office, and the motion to suppress the results of that search was also overruled. No complaint is made on appeal in respect to the search of the office.

court overruled the motion to suppress, sustaining the government's alternative contention that the search pursuant to the warrant was within the good faith exception to the exclusionary rule established by *United States v. Leon*, 104 S.Ct. 3405 (1984).

We review the district court's denial of a motion to suppress evidence seized pursuant to a warrant to determine (1) whether the good faith exception to the exclusionary rule applies, and (2) whether the warrant was supported by a probable cause. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). If the good faith exception applies, it is unnecessary to address the probable cause issue. *Id*.

Dovalina's sole challenge on appeal to the district court's careful application of the good faith exception is based on his assertion that the affiant misled the magistrate by not stating in the warrant application that Dovalina's residence had been subjected to a brief consensual search at the time of Dovalina's arrest there some 7 to 8 weeks previously. *See United States v. Foy*, 28 F.3d 464, 473 (5th Cir. 1994). However, despite the government's alternative reliance below on the *Leon* good faith exception, Dovalina never asserted below that the warrant affidavit was in any manner misleading, much less that it was so because it did not mention that earlier brief search. Dovalina's contention in this respect is raised for the first time on appeal. Therefore, review is limited to plain error. Fed. R. Crim. P. 52(b); *United*

*States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Dovalina has not shown that the district court plainly erred in applying the good faith exception to the exclusionary rule.[2]

Dovalina asserts in conclusory fashion that the evidence of money laundering was insufficient. However, his brief contains absolutely no recitation, summary, or description of any of the evidence relating to any of the money laundering counts. Nor are there any citations to the record. No authority whatever is cited. The *only* argument is the single sentence "The record is devoid of any evidence of what happened to the money after it was allegedly received by Mr. Dovalina." Dovalina's brief on this issue fails to comply with Fed. R. App. P. 28. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nothing in this respect is preserved for review. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Dovalina also makes confusing complaints about the court's charge on money laundering. Again, there are no citations to the record and no authority is cited; nor is there any discussion of

---

[2] We note that the officer who executed the warrant affidavit was not present at the time of the prior brief search, and there is no evidence that he knew such a search had been conducted; nor does the evidence show whether any items of evidence were found then (or, if so, what). Nor does the record show it likely that the warrant would not have issued had the affidavit mentioned the search (it did mention that Dovalina had been arrested pursuant to a warrant at his residence some 7 to 8 weeks previously, and subsequently had been indicted for marihuana trafficking).

the relevant evidence. The brief is wholly inadequate in this respect as well. Dovalina asserts that the district court should have given defense counsel's requested charge that "the mere receipt of money, even if the proceeds of unlawful activity, is not a transaction as defined." However, Dovalina does not assert that the charge stated otherwise,[3] and does not identify any particular asserted defect, omission or confusing aspect of the charge or even discuss or describe what the charge says in respect to receipt of money or in any other respect. Dovalina also asserts that the court erred by referring the jury to the relevant portions of the charge in response to the jury's request for a definition of "money laundering." But he does not point to anything in particular about the court's answer or its charge which is assertedly defective, deficient, or confusing.[4] Nor does he suggest what other response should have been given to the jury's inquiry.

---

[3] Indeed, at trial defense counsel took the position that the charge "by its own language, would exclude the mere receipt of money." We note that the charge's definition of transaction tracks the language of the statute. We also note that § 1956(a)(1)(A)(i) can be violated where the defendant receives from another that which the defendant knows the other has received as proceeds of the sale of narcotics. See, e.g., *United States v. Gallo*, 927 F.2d 815 (5th Cir. 1991); *U.S. v. Gaytan*, 74 F.3d 545, 556 (5th Cir. 1996)(sustaining Gaudara's § 1956(a)(1)(A)(i) conviction because "delivery from Carrera to Gaudara was a transaction, and, because Carrera obtained the funds from a drug sale").

[4] At trial, defense counsel's *only* objection to the court's response was that it failed to include, as part of its citation to § 1956(a)(1)(A)(i), the words of the *title* to § 1956, namely "laundering of monetary instruments."

Dovalina's brief is insufficient to preserve his sufficiency of the evidence and instructional complaints regarding the money laundering counts.  And, we see no plain error, as the evidence appears sufficient and the charge adequate.

The judgment of the district court is accordingly,


AFFIRMED.


6