**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-7562

BERKLEY S. POLLARD, a/k/a Tojo,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-96-210-JFM, CA-97-2065-JFM)

Submitted: March 24, 1998

Decided: April 7, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Berkley S. Pollard, Appellant Pro Se. Christine Manuelian, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Berkley Pollard appeals the district court's denial of his motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). Pollard claimed that: (1) he was wrongfully given a three-point upward adjustment of his offense level under the Sentencing Guidelines for having been a leader and organizer in the conspiracy of which he was a member; (2) there was insufficient information before the district court for him to be sentenced under the guidelines range pertaining to crack cocaine; (3) his counsel was ineffective in not objecting to the three-point adjustment for leadership; (4) his counsel was ineffective in not objecting to the use of the Sentencing Guidelines for cocaine base; and (5) his attorney failed to file an appeal as he directed the attorney to do. Finding that Pollard makes a colorable claim of ineffective assistance of counsel for failure to file an appeal,* we grant a certificate of probable cause to appeal as to that claim, dismiss in part, and vacate and remand in part.

Pursuant to a plea agreement, Pollard pled guilty to two separate acts of distribution of cocaine base in violation of 18 U.S.C. § 841(a) (1994). The district court sentenced him to 165 months incarceration on each charge, to run concurrently, five years of supervised release, and the mandatory $50 special assessment. In his plea agreement, Pollard expressly waived his right to appeal his sentence, including any issues that relate to the establishment of the guidelines range, reserving only the right to appeal from an upward or downward departure from the guidelines range established at sentencing. Pollard did not waive his right to appeal his conviction, or an appeal based on ineffective assistance of counsel, prosecutorial misconduct, or involuntariness of his guilty plea, except under limited circumstances.

_____

*See Becton v. Barnett, 920 F.2d 1190, 1195 (4th Cir. 1990).

2

To the extent these claims survive Pollard's waiver of his appeal rights, we agree with the district court that the sentencing claims Pollard raises are without merit. Pollard voluntarily agreed in his plea agreement and in his Fed. R. Crim. P. 11 colloquy that he was a leader in an extensive drug trafficking scheme. The district court was entitled to rely upon these admissions in imposing sentence. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981). Further, the statement of facts revealed that Pollard held a position of some responsibility in the organization based upon his instruction to an undercover officer that the officer should continue to contact Pollard's co-conspirator for future drug purchases, and to call Pollard's pager only if the co-conspirator did not respond. Pollard also admitted both in the plea agreement and in the Rule 11 colloquy that the drug involved was crack cocaine. Thus, Pollard is barred from contending by way of a § 2255 motion that some drug other than crack was involved. See id. Moreover, because there was no error, Pollard cannot establish ineffective assistance of counsel relative to counsel's failure to object to either the three-point adjustment for leadership or the use of the guidelines for cocaine base. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Ostrander v. Green, 46 F.3d 347, 352 (4th Cir. 1995); See also Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Pollard claimed in his § 2255 motion that counsel was ineffective because she failed to note a direct appeal after she was allegedly so instructed by Pollard. Pollard's counsel submitted an affidavit stating that Pollard made no such request. Finding that Pollard failed to present any issue that fell outside the scope of his waiver or which would have entitled him to prevail on appeal, the district court found that an evidentiary hearing was unnecessary, and dismissed Pollard's § 2255 motion.

This court has said "that a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). We find Peak dispositive because Pollard did not waive all of his appellate rights. Cf. United States v. Wilkes , 20 F.3d 651, 653 (5th

3

Cir. 1994) (attorney cannot be deficient for failing to raise claims when defendant knowingly and voluntarily waived all appellate and post-conviction relief). While the likelihood that Pollard could meet the burden of proving any of the issues which arise from the rights he did not waive is small, Peak eliminates the need for Pollard to show actual prejudice. See Peak, 992 F.2d at 42. If counsel failed to note an appeal as alleged, then Pollard was completely deprived of assistance of counsel on direct appeal and relief is warranted.

The district court's factual finding that Pollard failed to demonstrate any meritorious issues for appeal was not a proper basis for denying relief on the claim that counsel failed to perfect the appeal. The evidence at this juncture in the case reveals a conflict of constitutional import between Pollard and his counsel as to whether Pollard asked his attorney to file a direct appeal on his behalf. In light of this conflict, we conclude that Pollard is entitled to a remand for an evidentiary hearing and appropriate factual findings by the district court on this claim.

In conclusion, we deny a certificate of probable cause to appeal all claims other than Pollard's claim of ineffective assistance of counsel for failure to file an appeal, and dismiss those claims. We grant a certificate of probable cause to appeal the limited claim of ineffective assistance of counsel based on counsel's alleged failure to file an appeal, vacate in part as to that claim, and remand that claim to the district court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED IN PART AND
VACATED AND REMANDED IN PART

4