IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10964
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    versus

DANYEL BOLEY,

                                    Defendant-Appellant.



---------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:96-CR-129-1-Y)
---------------------------------------------
July 1, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Danyel Boley appeals his conviction and sentence for

distribution of cocaine base.  He argues that the district court

abused its discretion in allowing an unduly suggestive in-court

identification and by admitting physical evidence with insufficient

evidence concerning the chain-of-custody.  Boley also contends that

his sentence should not have been based on the quantity of cocaine

---

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

base concerned in Count Two of the indictment and that Boley should have been sentenced on the amount of pure cocaine involved, not the mixture that is cocaine base.

Boley waived his in-court-identification issue by failing to brief the district court's denial of his motion for a lineup based in part on Boley's failure to comply with a local rule that motions be supported with a brief. *See United States v. Wilkes*, 20 F.3d 651, 652 (5th Cir. 1994); FED. R. APP. P. 28(a)(4); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if we considered that issue as a plenary matter, the in-court identification was not impermissibly suggestive. The evidence concerning the chain of custody was sufficient for admission. *United States v. Casto*, 889 F.2d 562, 568-69 (5th Cir. 1989). The sentencing judge did not err by including the weight of the diluents in cocaine base or by including the conduct concerned in Count Two of the indictment. *United States v. Smallwood*, 920 F.2d 1231, 1237-38 (5th Cir. 1991); *See United States v. Cartwright*, 6 F.3d 294, 303-04 (5th Cir. 1993).

**AFFIRMED.**