**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-20138
Summary Calendar

_____

DALE D. NESFIELD,

Plaintiff-Appellant,

VERSUS

NICHOLAS BACHKO CO., INC.; UNITED STATES COAST GUARD,
MARINE SAFETY OFFICE; NATIONAL MARITIME UNION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-1295)

_____

July 15, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Dale D. Nesfield appeals from the district court's dismissal of his suit against Defendants-Appellees Nicholas Bachko Co., Inc., the National Maritime Union, and the United States Coast Guard for, inter alia, employment discrimination, defamation, invasion of privacy, false imprisonment, and intentional infliction of emotional distress. Because Nesfield failed to file his notice of appeal within the time limits specified by Federal Rule of Appellate Procedure 4(a)(1)(B), we dismiss the appeal for lack of jurisdiction.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Though this court construes pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Rule 4(a)(1)(B) states that, when the United States is a party to the action under appeal, the notice of appeal "may be filed by any party within 60 days after the judgment or order appealed from is entered." A timely notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction. See Resolution Trust Corp. v. Northpark Joint Venture, 958 F.2d 1313 (5th Cir. 1992).

Here, the district court granted National Maritime Union's motion to dismiss on November 4, 1998. Nesfield then filed a "motion to reverse judgment," which acted as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). This tolled the filing deadline pending the district court's ruling on the motion. See Fed. R. App. P. 4(a)(4)(A)(iv). The district court denied the motion to reverse judgment on November 13, 1998, meaning that Nesfield had until January 12, 1999 to file his notice of appeal. He failed to meet this deadline, and indeed did not file a notice of appeal until over a month later, on February 16, 1999. Because Nesfield did not timely file his notice of appeal, we lack appellate jurisdiction. Therefore, the appeal is dismissed.

DISMISSED.