# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 99-50009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR EARL BRADY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-96-ALL
_____

March 16, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges

PER CURIAM:[*]

Oscar Earl Brady, Jr., appeals the sentence following his entry of a plea of guilty to a charge of possession with intent to distribute cocaine base.  The Government moves to supplement the record.

Brady contends that his attorney provided ineffective assistance by advising him, prior to rearraignment, that the Sentencing Guidelines required two convictions to trigger a sentencing enhancement, the law required the Government to give notice of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

both convictions, and the Government's notice was not sufficient. Brady contends that he did not knowingly and voluntarily waive the right to appeal his sentence. He further contends that the Government did not provide sufficient notice of the sentencing enhancement and that his robbery conviction was not a proper basis for the enhancement.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary.[2] We will uphold a plea agreement when the record clearly shows that the defendant read and understood it and that he raised no question regarding any waiver-of-appeal provision.[3]

The record reflects that Brady knowingly and voluntarily waived the right to appeal his sentence.[4] This waiver was not rendered invalid because he did not then know the extent of his sentence.

Although Brady reserved the right to raise issues of ineffective assistance of counsel of which he had no knowledge at the time of sentencing, we decline to address those claims in this appeal.[5] That remains for another day. Accordingly, we do not reach Brady's challenges to the U.S.S.G. § 4B1.1 enhancement of his sentence.

The motion to supplement the record is GRANTED.

---

[2]**United States v. Wilkes**, 20 F.3d 651(5th Cir. 1994)(§ 2255 waiver); **United States v. Melancon**, 972 F.2d 566 (5th Cir. 1992).

[3]**United States v. Portillo**, 18 F.3d 290 (5th Cir. 1994).

[4]*See* **Melancon**, 972 F.2d at 567-68.

[5]*See* **United States v. Thomas**, 12 F.3d 1350 (5th Cir. 1994); **United States v. Higdon**, 832 F.2d 312 (5th Cir. 1987).

The sentence appealed is AFFIRMED.