IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50737
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELIZABETH TINOCO DE CRUZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-299-01
--------------------
May 25, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Elizabeth Tinoco de Cruz (Tinoco) appeals after pleading guilty to illegal reentry into the United States following deportation. She argues that her attorney was ineffective at sentencing (1) for failing to move for a downward departure under Application Note 5 of U.S.S.G. § 2L1.2 and (2) for failing to argue that her prior drug conviction was not an "aggravated felony" which warranted a 16-level increase under § 2L1.2(b)(1)(A).

Although we generally do not entertain claims of ineffective assistance on direct appeal, we feel that the record is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficiently developed to address Tinoco's claims.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).  In Tinoco's plea agreement, both parties stipulated (1) that a 16-level increase was appropriate because Tinoco had previously been deported subsequent to an aggravated-felony conviction, (2) that a total offense level of 20 was appropriate, and (3) that Tinoco should be sentenced at the bottom end of the corresponding guideline range.

Given these stipulations, Tinoco has not shown that her attorney was ineffective at sentencing for failing to argue that Tinoco's prior conviction was not an aggravated felony.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)("[An] attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining.").

With respect to a downward departure under Application Note 5 of U.S.S.G. § 2L1.2, we note that Tinoco's counsel specifically quoted  Application Note 5 in its entirety in his brief supporting his motion for a downward departure based on the minor nature of the defendant's prior felony conviction.  At the sentencing hearing, however, the court specifically ruled that it did not believe it had the discretion to downwardly depart based on Application Note 5, and Tinoco's counsel objected.  It therefore cannot be said that Tinoco received ineffective assistance of counsel for a failure to raise this issue.

AFFIRMED.