# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 01-50906
Summary Calendar
_____

CARLOS PALACIOS,

                                                              Petitioner-
Appellant,

versus

R.D. MILES, Warden,

                                                              Respondent-
Appellee.

--------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-237-JN
--------------------------------------------------------
March 28, 2002

Before JOLLY, BARKSDALE and STEWART, Circuit Judges:

PER CURIAM:[*]

Carlos Palacios (federal prisoner #60905-080) appeals the district court's denial of his 28 U.S.C. § 2241 petition. He argues that he should have been allowed to bring his claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000), in a 28 U.S.C. § 2241 petition, via the savings clause of 28 U.S.C. § 2255, because the correct interpretation of 21 U.S.C. § 841 was not reasonably available to him at trial, on a direct appeal, or in prior 28 U.S.C. § 2255 proceedings.

Palacios has not shown that the district court erred in denying his 28 U.S.C. § 2241 petition because he has not shown that his Apprendi claim is "based on a retroactively applicable Supreme

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Therefore, he has not shown that his claim falls within the savings clause of 28 U.S.C. § 2255. Further, a prior unsuccessful § 2255 motion or the inability to meet the requirements for filing a second or successive § 2255 motion does not make § 2255 inadequate or ineffective. See Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

An alternative ground exists upon which to uphold the district court's judgment. A review of the record indicates that, as part of his plea agreement, Palacios waived the right to contest his sentence in any postconviction proceeding. His informed and voluntary waiver therefore precludes consideration of his Apprendi claim. See United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994).

AFFIRMED.