UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20561
SUMMARY CALENDAR
_____

JUAN E. VENTURI

Plaintiff - Appellant

v.

KENNETH STARLING; C. SILVA; N. A. WEIMAN, JR.; LEE P. BROWN, Mayor

Defendants - Appellees

_____

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
(H-02-CV-11)
_____

January 6, 2003

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Juan E. Venturi filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that several

state actors participated in a racially motivated conspiracy to deprive him of his constitutional

right to procedural and substantive due process. The defendants filed a motion to dismiss

Venturi's complaint pursuant to FED. R. CIV. P. 12(b)(2), (4), (5), and (6). The district court

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

granted the defendants' motion without reasons and Venturi now appeals.

Asserting that the district court could not have based its dismissal on Rule 12(b)(2), (4), or (5) because the 120-day period within which he had to perfect service upon the defendants had not expired, Venturi argues that the district court erroneously dismissed his complaint pursuant to Rule 12(b)(6). However, Venturi merely recites his conclusional factual allegations and provides no legal analysis in support of his argument against a Rule 12(b)(6) dismissal.

Although this court construes pro se pleadings liberally, even pro se litigants must abide by the Federal Rules of Appellate Procedure. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). By inadequately briefing this issue, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), Venturi has failed to show that the district court erred in dismissing his complaint.

AFFIRMED.