United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10773
Conference Calendar

_____

DON BENNY ANDERSON,

                                        Plaintiff-Appellant,

versus

L. E. FLEMING, Warden,
Federal Medical Center-Fort Worth

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-521-A
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Don Benny Anderson (federal prisoner #06260-026) filed a

petition pursuant to 28 U.S.C. § 2241 wherein he sought to

challenge his criminal convictions for interfering with commerce

by threats or violence and aiding and abetting, in violation of

18 U.S.C. §§ 2 and 1951.  Noting that Anderson had filed at least

three prior motions under 28 U.S.C. § 2255 which attacked the

same judgment at issue in his instant petition, the district

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court construed the petition as a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, and dismissed the motion for lack of jurisdiction.

Anderson moves this court for leave to proceed on appeal without a certificate of appealability (COA). The motion is GRANTED. See Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 345 (5th Cir. 2002), cert. denied, 123 S. Ct. 1374 (2003). All other outstanding motions are DENIED.

Anderson argues that his conviction violates double jeopardy, that his counsel was ineffective, and that he is actually innocent of the counts charged in the indictment. Anderson does not, however, address the district court's dismissal of his petition for lack of jurisdiction. Nor does he seek this court's authorization to file a successive 28 U.S.C. § 2255 motion, or explain why he should be allowed to proceed with his claims under 28 U.S.C. § 2241.

Although this court construes pro se pleadings liberally, even pro se litigants must abide by the Federal Rules of Appellate Procedure. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). An appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." FED.

R. A<small>PP</small>. P. 28(a)(9).  Because he has failed to identify any error in the district court's analysis, Anderson has abandoned the only issue for appeal.  See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987); F<small>ED</small>. R. A<small>PP</small>. P. 28(a)(9).  Accordingly, the judgment of the district court is AFFIRMED.