**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-30674
Summary Calendar

_____

ADEDAPO OMISORE,

Petitioner-
Appellant,

versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent-
Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2634
-----------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Adedapo Omisore appeals from the denial of his 28 U.S.C.

§ 2241 petition for habeas corpus relief.  Omisore challenges his December 1996 deportation hearing,

contending that his deportation proceeding violated the Due Process and Equal Protection Clauses

because the Immigration Judge at the time of the deportation proceeding interpreted the immigration

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

statutes as depriving him of the discretion to grant a waiver of deportation, rendering the proceeding fundamentally unfair. He argues that *INS v. St. Cyr*, 533 U.S. 289 (2001), should be applied retroactively despite his actual deportation. He states that he was wrongly classified as an aggravated felon and that he is actually innocent of the offense that resulted in his deportation.

Omisore does not allege facts to support his statements that he was wrongly classified or actually innocent. *See id*. He has failed to brief those issues for appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

The transitional rules of the Illegal Immigrant Reform and Immigration Responsibility Act (IIRIRA) "apply to removal proceedings that commence before April 1, 1997[,] and conclude more than thirty days after September 30, 1996." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 386 (5th Cir. 2001). Under the pre-IIRIRA law that was incorporated into the transitional rules, district courts were deprived of subject-matter jurisdiction to review orders of deportation after the alien was deported. *Lara v. Trominski*, 216 F.3d 487, 491-92 (5th Cir. 2000); 8 U.S.C. § 1105a(c)(1994)(repealed 1996).

We find no gross miscarriage of justice in Omisore's 1996 deportation proceeding and his subsequent deportation. *See Lara*, 216 F.3d at 492-93. The district court therefore lacked subject-matter jurisdiction over Omisore's 28 U.S.C. § 2241 petition.

AFFIRMED.