IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2007**

Charles R. Fulbruge III
Clerk

No. 06-50762
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GUARIONEX MARMOLEJOS-AGRAMONTE, also known as Pedro Lebron-Gutierrez

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1040-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Guarionex Marmolejos-Agramonte appeals his guilty plea conviction and sentence for illegal reentry into the United States after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Marmolejos-Agramonte's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Marmolejos-Agramonte properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Marmolejos-Agramonte argues that his trial counsel was ineffective in that he did not request a four-level downward departure pursuant to the fast track program under U.S.S.G. § 5K3.1 during the plea negotiations. This court generally will not consider claims of ineffective assistance of counsel on direct appeal except in those "rare cases where the record allowed [this court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Although the district court did not have the opportunity to develop the record concerning this issue, further development of the record is not necessary for the resolution of this issue. The Western District of Texas does not have a fast track program under § 5K3.1. See United States v. Aguirre-Villa, 460 F.3d 681, 682-83 (5th Cir. 2006), petition for cert. filed, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (No. 06-7792). Therefore, Marmolejos-Agramonte's counsel was not ineffective for failing to raise a meritless argument. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Marmolejos-Agramonte states in one sentence that his due process rights were violated because he was convicted and sentenced in the Western District of Texas, which does not have a fast track program, while defendants in some other districts such as a the Eastern District of California can seek a downward

departure under the fast track program.  Because Marmolejos-Agramonte does not address this issue in the body of his brief, he has waived this issue on appeal. See United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

AFFIRMED.