# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50695

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2018

Lyle W. Cayce
Clerk

DAVID E. PONDER,

Plaintiff - Appellant

v.

AVALON CORRECTIONAL SERVICES, INCORPORATED; DONALD E. SMITH; GREG BASHAM; LOY CERRANO; JEANNIE PARSONS; MAX GOODALE; BEN LOVELACE,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-336

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Earl Ponder, a *pro se* plaintiff, appeals the district court's dismissal of his civil case against Avalon Correctional Services, Inc. ("Avalon"), its founder, and certain of its employees. But Ponder's brief on appeal is incomprehensible—it does not describe the alleged legal errors with enough

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clarity or specificity for Avalon to respond or for this court to weigh in. Therefore, we must affirm.

Ponder is a former state prisoner who was accommodated at halfway houses operated by Avalon. Over the course of this litigation, Ponder has alleged that he was mistreated in various ways by Avalon and its personnel. The district court identified five general grievances on which Ponder apparently based his 42 U.S.C. § 1983 claim—(1) Deprivation of liberty without due process, (2) Causing bodily harm by not calling emergency services for a medical condition, (3) Destruction of personal property, (4) Retaliation for filing a formal grievance, and (5) Interference with the mail. The district court concluded that several of Ponder's claims were time-barred and that Ponder did not plead facts or introduce evidence capable of supporting the others.

It is clear from Ponder's brief on appeal that he is dissatisfied with the district court's conclusions, which he refers to as "preposterous." But unfortunately, this is where any clarity ends.

Ponder's brief includes plenty of assertions. "Iqbal first cited by magistrate in frivolous review." "Defendants are withholding open records in violation of Texas law." "The Plaintiff can and has established by preponderance of the evidence that the defendants did engage in the acts as presented by the Plaintiff." But nowhere in these pronouncements can we discern an actual legal argument, with record support, challenging the reasoning provided by the district court for its dismissals. Simply put, neither we nor Avalon can tell which of the district court's conclusions Ponder is challenging or why he thinks those conclusions are wrong.

The Federal Rules of Appellate Procedure set minimum briefing standards for appellants. They include requirements that the summary of the argument contain "a succinct, clear, and accurate statement of the arguments made in the body of the brief" and that the argument outline "appellant's

contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "a concise statement of the applicable standard of review" for "each issue." Fed. R. App. P. 28(a). While this court may liberally construe a *pro se* appellant's appeal, we will not search the record and related caselaw to create arguments on an appellant's behalf. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (noting that while even in the criminal context "we construe *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure").

"In the absence of logical argumentation or citation to authority, we decline to reach the merits of these claims." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996). And for good reason—when Ponder failed "to articulate any appellate argument" he deprived Avalon and its personnel "of their opportunity to address fully all the issues and prejudiced their ability to prepare and present arguments to this Court." *Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995). We AFFIRM.