# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50601
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2018

Lyle W. Cayce
Clerk

DANIEL ROLANDO HENRIQUEZ,

Plaintiff - Appellant

v.

42 U.S.C.  654(3) TEXAS CHILD SUPPORT DIVISION; HAYS COUNTY TEXAS, DOMESTIC RELATIONS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-177

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Daniel Rolando Henriquez, a *pro se* plaintiff, appeals the district court's dismissal of his § 1983 action. Henriquez sued because he signed an acknowledgment of paternity and now has odious child support obligations that he was not aware he would incur because of the acknowledgment. But Henriquez's brief on appeal is incomprehensible. That he blames the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50601

defendants for his predicament is clear; but he does not describe the alleged errors with enough clarity or specificity for this court to weigh in. Therefore, we must affirm.

Unable to understand his initial complaint, the district court ordered Henriquez to file a more definite statement, which he did. But the statement did little to clarify the claims, and the court held Henriquez's naked assertions were inadequate under Rule 8 of the Federal Rules of Civil Procedure. The district court further observed that neither defendant is subject to suit under § 1983.

Henriquez has many objections on appeal, but they are difficult to understand and impossible to meaningfully evaluate. For example, among the many questions Henriquez says are presented on appeal, he asks: "How is the TCSD, a so-called 'governmental agency,' serving 'We the People' when evidence proves its customs and practices deprive men of inherent rights with premeditation and non-disclosure of material facts?" He contends that "despite the legal jugglery arbitrated by [Magistrate Judge] Lane and [District Judge] Yeakel to delay his pursuit of justice," a "*de novo* review of the overall case and facts presented" will demonstrate that the child support collection process is unconstitutional. Henriquez argues that the collection practices violate the Constitution because, among other reasons, they constitute "involuntary servitude" and "intentional infliction of a bill of attainder."

The Federal Rules of Appellate Procedure set minimum briefing standards for appellants. They include requirements that the summary of the argument contain "a succinct, clear, and accurate statement of the arguments made in the body of the brief" and that the argument outline "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "a concise statement of the applicable standard of review" for "each issue." Fed. R. App. P. 28(a). While

2

No. 18-50601

this court may liberally construe a *pro se* appeal, we will not search the record and related caselaw to create arguments on an appellant's behalf. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (noting that while even in the criminal context "we construe *pro se* pleadings liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure").

"In the absence of logical argumentation or citation to authority, we decline to reach the merits of these claims." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996). Despite Henriquez's protestations that his claims are clearly asserted, they simply do not comport either with Rule 8's pleading standards or with the rules governing appellate practice. We AFFIRM.