# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2021

Lyle W. Cayce
Clerk

No. 21-10312
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEXIS GONZALEZ-BANALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:20-CR-43-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

The Federal Public Defender (FPD) appointed to represent Alexis Gonzalez-Banales has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10312

*v. Flores*, 632 F.3d 229 (5th Cir. 2011). Gonzalez-Banales has filed a pro se response.

In his response, Gonzalez-Banales raises several claims challenging his sentence. However, those claims are barred by the waiver-of-appeal provision in Gonzalez-Banales's plea agreement. They have no bearing on the validity of Gonzalez-Banales's guilty plea or waiver of appeal and do not fall within any exception to the waiver.

Gonzalez-Banales also asserts that he was denied the effective assistance of counsel at trial and on appeal. A 28 U.S.C. § 2255 proceeding is the favored forum for litigating a federal prisoner's claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 503-09 (2003). We will consider a claim of ineffective assistance of counsel on direct appeal "only in rare cases in which the record allows [us] to fairly evaluate the merits of the claim." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).

The record is not sufficiently developed to allow us to make a fair evaluation of Gonzalez-Banales's claim that he was denied the effective assistance of trial counsel because his attorney failed to object to the district court's imposition of an upward variance based on his "history and characteristics" and "other criminal conduct." We decline to consider that claim without prejudice to collateral review. *See id*.

It is clear from the record that Gonzalez-Banales's claim that he was denied the effective assistance of appellate counsel does not present a nonfrivolous issue for appeal. Gonzalez-Banales complains that the FPD was ineffective because he did not raise the claims set out in his pro se response. However, appellate counsel is not deficient for failing to raise claims that are barred by an appeal waiver or are inappropriate for consideration on direct review. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

No. 21-10312

Having reviewed counsel's brief, Gonzalez-Banales's response, and the relevant portions of the record, we concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.