# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30793
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2024

Lyle W. Cayce
Clerk

Jacques Dodson, Sr.,

*Plaintiff—Appellant*,

*versus*

William Everett Nichols; Estate of Scott O. Brame;
James B. Reichman; Tom G. Wilson; Scott M. Brame;
Jack Brame; Red River Bank; White Oak Servicing,
L.L.C.; First Fidelity Mortgage, *doing business as* Southern
Funding Mortgage; James Brame,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-423

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Plaintiff-appellant Jacques Dodson, Sr., appeals from the district court's sua sponte dismissal of his civil action asserting Racketeer Influenced

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and Corrupt Organizations Act (RICO) claims against the defendants on the ground that the claims were timebarred. He also moves this court to remand his case to the district court and order the district court to hold an evidentiary hearing on his claims. Dodson argues that the district court's denial of his request to create a record in support of his claims violated his right to meaningful appellate review and deprived him of his right to due process.

A district court is directed to dismiss a claim by a prisoner or in forma pauperis litigant if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This court reviews the dismissal of a complaint pursuant to § 1915(e)(2)(B)(i) as frivolous for abuse of discretion; however, a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed de novo. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Because the district court did not specify which subsection it was relying on, we review the dismissal de novo. *Cf. Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (reviewing a § 1915(e)(2)(B) dismissal de novo because the district court referred to multiple provisions of the statute).

Following motion practice by the parties on various items, including RICO prescription, the district court held a hearing and Dodson was provided an opportunity to address whether his RICO claim was timebarred. Notwithstanding Dodson's conclusional arguments to the contrary, the record demonstrates that he was on notice that he needed to address the prescription issue at the hearing, and he was afforded an adequate opportunity to address that issue at the hearing and in his filed pleadings. To the extent that Dodson sought discovery in the district court and now asks this court to order the district court to hold an evidentiary hearing on remand so that he can create a record for appeal, he cites no legal authority supporting those requests. In sum, Dodson's due process arguments are meritless.

No. 23-30793

Civil RICO actions are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 155-56 (1987). "When a pattern of RICO activity causes a continuing series of separate injuries, the 'separate accrual' rule allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury." *Love v. Nat'l Med. Ent.*, 230 F.3d 765, 773 (5th Cir. 2000). The limitations period can be tolled, however, pursuant to equitable tolling or the fraudulent-concealment doctrine. *Lewis v. Danos*, 83 F.4th 948, 955 (5th Cir. 2023). Equitable tolling might be available "when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (internal quotation marks and citation omitted). "Fraudulent concealment cannot be applied to toll a plaintiff's claims unless such concealment prevented discovery of the injury." *Id.*

Pro se litigants are subject to the same briefing requirements as all other parties, and failure to comply with them can be grounds for dismissal. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Federal Rule of Appellate Procedure 28 provides that an appellant's brief must include, *inter alia*, "a statement of the issues presented for review," Fed. R. App. P. 28(a)(5), "a concise statement of the applicable standard of review" for each issue, Fed. R. App. P. 28(a)(8)(B), and an argument section containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," Fed. R. App. P. 28(a)(8)(A). Dodson's motion to remand and his opening and reply briefs include no citations to the record. Further, his limited citation to legal authority only sets forth general legal principles; he completely fails to apply those principles to the facts of his case or to cite any authority that would support his request for remand and for an evidentiary hearing. Finally, insofar as Dodson seeks equitable tolling or asserts that the limitations period

was tolled because of fraudulent concealment, he fails to identify any circumstances that would allow tolling.

In any event, the only real injuries that Dodson has ever identified were the wrongful taking of funds in his mortgage trust account and the foreclosure on his property. He was well aware of those injuries no later than the filing of his initial proceeding to nullify the foreclosure, which was filed in January 2011. Moreover, the district court specifically found that Dodson's attorney asserted that he had RICO claims in a 2013 letter to a defendant and attributed that knowledge to Dodson. That letter and two others assert that Dodson was raising the issue of RICO claims in communications with counsel and establish that he had directly contacted counsel for one of the defendants about his intent to assert a RICO claim. Dodson may feel aggrieved by the defendants' responses to his legal proceedings, but those proceedings provided no grounds for equitable tolling, failed to establish fraudulent concealment, and did not constitute new injuries. He thus cannot show that the district court's holding that the limitations period for his RICO claims commenced no later than 2013 is erroneous. *See Love*, 230 F.3d at 773.

Because the district court properly raised the issue of limitations sua sponte, Dodson was provided adequate opportunity to respond to that issue, and he fails to show that the district court's limitations finding was erroneous, the judgment of the district court is AFFIRMED and Dodson's motion for a remand is DENIED.