# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2024

Lyle W. Cayce
Clerk

No. 24-10040

Douglas Pierce,

*Plaintiff—Appellant*,

*versus*

Amerifield, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-739

Before Davis, Graves, and Wilson, *Circuit Judges*.
Per Curiam:[*]

When a party consistently fails to comply with the rules of this Court, that failure warrants dismissal of the appeal. *See* 5th Cir. R. 42.3.2; *Barone v. City of Houston*, 166 F.3d 339 (5th Cir. 1998); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Ford v. Blackstone Grp., Inc.*, No. 20-20486, 2021 WL 7502645, at *1 (5th Cir. Mar. 26, 2021). Appellant Douglas Pierce has such a history.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10040

On February 16, 2024, the clerk's office initially dismissed this appeal for want of prosecution after Pierce failed to timely order transcripts. The appeal was reinstated upon Pierce's motion.

Pierce continued to flout the rules. The clerk's office found that Pierce's first three briefs filed in this case were deficient under Court rules and Federal Rule of Appellate Procedure 28.

Pierce's fourth brief is not much better. It is replete with errors and omissions. For example:

- There is consistent improper citation to the record on appeal. *See* Fed. R. App. P. 28(a)(8)(A); 5th Cir. R. 28.2.2. Many places in Pierce's brief lack citation altogether, and when he does cite, it is often to the entirely wrong page in the record on appeal. *See* 5th Cir. R. 28.2.2.[1]
- There is no "Argument" section. *See* Fed. R. App. P.(a)(8); 5th Cir. R. 28.3(i). Rather, Pierce included what appears to be argument under a heading entitled "Relevant Factual Background." The "Relevant Factual Background" section also contains facts and procedural history.
- The jurisdictional statement does not provide a basis for subject matter jurisdiction. *See* Fed. R. App. P. 28(a)(4)(A); 5th Cir. R. 28.3(e). It also does not provide a statutory citation for appellate jurisdiction or the filing dates establishing the timeliness of the appeal. *See* Fed. R. App. P. 28(a)(4)(B-C); 5th Cir. R. 28.3(e).

---

[1] Due to Pierce's improper record citation, Amerifield requested dismissal of this appeal in its responsive brief. Pierce chose not to file a Reply Brief, and therefore did not respond to this argument.

- The statement of the case does not set out the facts relevant to the issues submitted for review—those are contained in the separate "Relevant Factual History" section. *See* Fed. R. App. P. 28(a)(6); 5th Cir. R. 28.3(g).
- There is a separate "Procedural Background" section that should be housed in the "Statement of the Case." *See generally* Fed. R. App. P. 28(a).
- The brief is not bound; rather, Pierce submitted the brief in a three-ring binder. *See* Fed. R. App. P. 32(a)(3).

Despite these deficiencies in Pierce's briefing, we did not outright dismiss this appeal. Instead, we ordered supplemental briefing on an important merits issue that was underdeveloped in both parties' briefing. In that order, we "**direct[ed]** the parties to file simultaneous letter briefs . . . by Monday, December 2, 2024." Appellee Amerifield timely submitted its brief. Appellant Pierce did not timely submit his brief.

For all of the foregoing, this appeal is DISMISSED.