# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2011

Lyle W. Cayce
Clerk

No. 10-11083
c/w No. 10-11136
Summary Calendar

---

CHRISTOPHER FLORES,

Plaintiff-Appellant

v.

CARY J. COOK, Assistant Warden; KEVIN P. PINNEY, Major of Security; RICHARD D. AVANTS, Captain of Security; CHARLES S. HENDRIX, Lieutenant of Security; RICHARD G. LEAL, Assistant Warden; JANAY B. WILLIAMS, Property Officer; KELLI WARD, Administrative Assistant,

Defendants-Appellees

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-9

---

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Christopher Flores, Texas prisoner # 1336588, seeks to proceed in forma pauperis (IFP) on appeal following dismissal as frivolous of his 42 U.S.C. § 1983 complaint. In his complaint, he alleged that the defendants,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in retaliation for his filing grievances or complaints against prison officials, issued a false disciplinary charge for failing to obey an order. According to Flores, this resulted in his transfer to a less desirable prison unit.

Flores's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because the district court dismissed Flores's claim as frivolous, our review is for abuse of discretion. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Flores alleges several procedural errors by the magistrate judge in conducting the Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) hearing. Flores asserts that the magistrate judge erred in not requiring the defendants to file an answer and in not allowing him to conduct discovery. He also asserts that he was not allowed to subpoena any witnesses or question any state officials. Lastly, Flores contends that he was not allowed to examine or challenge the use of prison records.

Section 1915(e) instructs the district court that it "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." § 1915(e)(2)(ii). Dismissal under § 1915 "is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991) (internal quotation marks omitted).

A Spears hearing is designed to permit the court to pierce the veil of the pro se complaint so as "'to dig beneath the conclusional allegations.'" Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990) (quoting Spears, 766 F.2d at 180).

Within the context of the Spears hearing, the court "has the discretion to decide the best way to elicit the complainant's articulation of his grievance and the basis for making any credibility assessment needed." Wilson, 926 F.2d at 483.

It was not error, therefore, for the magistrate judge to dismiss the complaint sua sponte prior to its service on the defendants and without allowing discovery. See id. at 482. Moreover, Flores fails to identify the evidence that would have been produced as the result of any discovery and fails to explain how allowing discovery would have changed the course of the proceedings. Neither does Flores name the witnesses who should have been subpoenaed and has not demonstrated that any relevant testimony or evidence was excluded. He also fails to explain which state officials he desired to question at the hearing or what such questioning would have revealed. Flores also fails to identify the records he was not allowed to review. His conclusional allegations are insufficient to show error. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Furthermore, Flores apparently misunderstands the nature of a Spears hearing. The purpose of the Spears hearing is not to address the merits of the complaint but to focus on the legal viability of the allegations. See Wesson, 910 F.2d at 281. The magistrate judge was not required to allow Flores to present witnesses, cross-examine the defendants, or present evidence because these rights relate to consideration of the merits of his complaint. See id.

We also reject as without merit Flores's retaliation claim. Flores has not alleged a series of events from which retaliation could plausibly be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Flores did not identify any specific grievance or complaint against any particular prison official that precipitated the alleged retaliatory act. Flores's allegations, based on his personal belief, that he had been retaliated against are not sufficient to state a valid claim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The magistrate judge did not abuse his discretion in dismissing Flores's

claims that he was denied due process during his disciplinary proceeding as barred by Heck v. Humphrey, 512 U.S. 477 (1994), in as much as Flores failed to show that the disciplinary conviction had been invalidated or expunged.

Flores's appeal is without arguable merit and thus is frivolous. See Howard, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. Flores is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). As he now has two strikes under § 1915(g), Flores is cautioned that if he accumulates a third strike under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.