# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

No. 09-40270
Summary Calendar

Charles R. Fulbruge III
Clerk

HARDY L. OWENS

Plaintiff–Appellant

v.

SECRETARY OF THE ARMY

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-58

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Hardy L. Owens ("Owens"), formerly a temporary Army employee, filed this lawsuit in 2007 alleging that the Army discriminated against him in the hiring process to fill a permanent position in 2004. He claims that the Army falsified official documents to give a white employee of a government contractor an unfair advantage in the hiring process and retaliated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against him for complaining about the cancellation of a previous job vacancy for which he had applied.

The district court dismissed Owens's claims, without prejudice, for lack of subject matter jurisdiction, finding that he had failed to exhaust the administrative complaint procedures required by 42 U.S.C. § 2000e-16(c) and the Equal Employment Opportunity Commission's ("EEOC") implementing regulations. *See* 29 C.F.R. Part 1614.

Owens has filed this appeal *pro se*. He raises four issues: (1) that his pursuit of administrative remedies was legally sufficient; (2) that the exhaustion requirement should be waived due to the Army's provision of false information in an attempt to mislead him; (3) that the exhaustion requirement should be waived because the EEOC failed to investigate a complaint Hardy filed in 2004; and (4) that the district court had jurisdiction over his claim because the amount in controversy exceeded $75,000.

Owens's brief before this court contains little more than a list these issues and a haphazard recitation of a few facts underlying his claim and the case's procedural history. Accordingly, the Secretary of the Army argues that Owens has failed to comply with Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure, which requires that the argument in an appellant's brief lay out "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

"[A]rguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (footnote omitted). Thus, this court has considered a *pro se* appellant's brief despite technical noncompliance with procedural rules. *See id.* (listing

cases). It has also attempted to discern meaning from *pro se* briefs that are "convoluted at best." *Yohey*, 985 F.3d at 225.

Here, however, the error is not technical or stylistic but fundamental: Owens's brief lacks any argument in support of the issues that it raises. Consequently, his issues are forfeited.

For want of prosecution, Owens's appeal is DISMISSED.