**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2011

Lyle W. Cayce
Clerk

No. 10-20110
Summary Calendar

PAUL CLARK,

Plaintiff-Appellant

v.

JANE WATERS;
BETH BARRON;
HARRIS COUNTY DISTRICT ATTORNEY OFFICE;
THE HOUSTON POLICE DEPARTMENT;
FORT BEND COUNTY SHERIFF DEPARTMENT;
CHILDREN'S PROTECTIVE SERVICE;
HARRIS COUNTY SHERIFF;
TRANS UNION CREDIT BUREAU;
AMERICAN HOME LOANS;
PALACE INN;
A&P PAWN;
BRISTOL WEST INSURANCE;
AMERICAN GENERAL FINANCE;
COUNTRYWIDE HOME LOANS;
CHASE MANHATTAN MORTGAGE;
CHASE HOME FINANCING, L.L.C.;
SPECIAL LOAN SERVICES;
OPTION ONE MORTGAGE CORPORATION;
GMC MORTGAGE;
MACHINERY MAINTENANCE REBUILDERS;
WILSHIRE FINANCIAL;
SERVICES SPECIALIZED LOAN;
MERS;
STEVE WHITE;
GILDA WHITE;
JOHN WHITE;

No. 10-20110

FREDDY WHITE;
JAY NICOLAS;
TOM GEORGE;
COLLINS JOHNSON;
COURTNEY WEAVER;
MIKE MONKS;
ROBERT DEGROOT;
JEFFERY BRUCE KRONGOLD;
VICTOR IBEZUKWU;
GREG COX;
THOMAS C. WASHMON;
ANTHONY GREEN;
BILL TAYLOR;
RANDY MARTIN;
PEOPLE NEED THE LORD MINISTRIES, INC.;
BUNCO INVESTIGATORS,

                                    Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3798

---

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Clark ("Clark"), proceeding *pro se* and *in forma pauperis*, brings this appeal following the district court's dismissal of his claims against over forty defendants. The district court found that Clark's allegations failed to state a claim, and that they lacked any arguable basis in law or fact and thus were dismissible under 28 U.S.C. § 1915(e)(2)(B)(i). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-20110

## I.

On November 19, 2009, Clark named a long-list of private individuals and public entities as defendants in a complaint for, apparently, the violation of his civil rights. The wide range of those named in the lawsuit includes the Houston Police Department, Children's Protective Service, Bristol West Specialty Insurance Company, Wilshire Credit Corporate, Chase Home Finance LLC, two attorneys from New York and New Jersey, two Houston-based assistant district attorneys, People Need the Lord Ministries, and a motel, to name a few. After finding the twice-amended pleadings "unintelligible" and replete with "rambling commentary," the district court dismissed the action for failing to state a claim.

On appeal, Clark claims for the first time that his suit is brought pursuant to 42 U.S.C. § 1983. In the section where he claims this, however, he only identifies one person–a Harris County Superior Court judge, who is not a captioned defendant in these proceedings–as liable under that provision.[1] He then provides twenty-one pages of wandering narrative that spans a host of subjects, people, and events. Clark claims, for example, that he has fallen victim to a conspiracy of the "Gypsy mafia" and the "Roma Gypsy Task Force," who has "black balled [him] from society." Then, providing almost no citations to legal authority, Clark asserts multifarious claims, including racial discrimination, RICO violations, illegal foreclosure, defamation, forgery, extortion, child endangering, fraud, civil rights violations, legal malpractice, breach of contract, false statements, and sexual discrimination.[2] The accompanying pleadings are,

---

[1] The basic allegation is that the judge violated his civil rights. Clark writes that the judge "violated Appellant Paul Clark, Civil rights constitutional rights and civil liberties JUDICIAL VINDICTIVENESS Maliciously and willfully coerced Appellant Paul Clark, to sign a guilty plead Appellee [], unethical wrongdoing child exposure. [The Judge] manipulated the due process And used unreasonable force on Appellant Paul Clark."

[2] One concluding paragraph states, "Every organization every mafia and all the banks violated appellant Paul Clark, . . . violated every single civil rights that was ever written and

No. 10-20110

to put it charitably, confusing, ambiguous, and insufficient to give this court notice of what he is appealing.

## II.

Parties before this court must comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. Accordingly, the appellant's brief must contain "a statement of the issues presented for review," FED. R. APP. P. 28(a)(5), and an argument setting forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Id.* 28(a)(9)(A). Although we liberally construe *pro se* briefs, such litigants must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve them. *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

In this case, the brief is grossly non-compliant with Rule 28. First, even though Clark provides a section entitled "Statement of the issue," that section merely attempts to raise a new cause of action against a judge not party to this lawsuit. Clark fails to provide elsewhere a list of the issues presented for review in this appeal. Second, the body of Clark's brief contains almost no citations to legal authority or to the record in support of his claims. Rather, he merely asserts the titles of causes of action amidst factual narrative, without coupling them with legal support. Finally, besides general grievances about the district court's "refus[al] to enforce the United States Constitution," Clark does not identify error relating to the district court's reasons for dismissing his case. In sum, Clark fails to present and argue properly any issues in his appellate brief. Consequently, we consider those issues to be abandoned. *United States v.*

---

every constitutional right that was ever written and every human right that was ever written and was black balled from society and had no were to turn and had no hope or life for their only opportunity . . ."

No. 10-20110

*Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).  We thus affirm the judgment of the district court.

AFFIRMED.
