# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 29, 2013

No. 12-60147
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM O. DAVISON,

Plaintiff - Appellant,

v.

HUNTINGTON INGALLS, INCORPORATED,

Defendant - Appellee,

Appeal from the United States District Court
for the Southern District of Mississippi

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

William Davison, arguing *pro se*, appeals the district court's summary judgment on his racial discrimination claims against Huntington Ingalls, Incorporated ("Huntington"). Because Davison's appellate brief fails reasonably to comply with Federal Rule of Appellate Procedure 28, Huntington's motion to summarily dismiss the appeal is GRANTED.

Rule 28 requires an appellant's brief to contain, *inter alia*, "a statement of the issues presented for review," Fed. R. App. P. 28(a)(5), "a statement of facts relevant to the issues submitted for review with appropriate references to the

No. 12-60147

record,"[1] Fed. R. App. P. 28(a)(7), as well as an argument section comprised of "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "a concise statement of the applicable standard of review," Fed. R. App. P. 28(a)(9).

"Although we liberally construe *pro se* briefs, such litigants must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve them." *Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011). "Failure to comply with the rules of this court regarding the contents of briefs can be grounds for dismissing a party's claims." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam). Dismissal is warranted where the non-compliance is not merely "technical or stylistic," but rather is so "fundamental" that it prevents the court from engaging in meaningful review. *Owens v. Sec'y of Army*, 354 F. App'x 156, 158 (5th Cir. 2009) (per curiam) (dismissing appeal for want of prosecution on the ground that appellant's brief "lacks any argument in support of the issues that it raises"); *see also Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam) (affirming dismissal on ground that appellant's brief "is grossly non-compliant with Rule 28").

Davison's brief does not comply with Rule 28 in many crucial respects. Instead of listing the issues presented for review, he recites the federal statute giving rise to his cause of action—Title VII of the Civil Rights Act of 1964—and three theories of recovery: "Hostile Work Environment," "Unfair Labor Practices," and "Denial of Proper Training." His statement of facts lists, without elaboration, four allegations: "Racial graffiti on the bathroom walls was reported to supervisors," "Unfair labor practices-moving people out of seniority," "Denied training in order to do a job properly," and "Not posting upcoming jobs openings

---

[1] Rule 28(a)(7) is supplemented by Fifth Circuit Rule 28.2.2, which more strictly requires "[e]very assertion in briefs regarding matter in the record [to] be supported by a reference to the page number of the original record."

and promotions"; and does not contain record citations.  In his argument section, which does not state the standard of review, he asserts that Magistrate Judge John Roper and District Judge Halil Ozerden "violated our United States Constitutional Rights and our Civil Right due to the fact that they never gave us the chance to be heard in the State of Mississippi where some of the plaintiffs live and pay taxes" and reiterates that he "deserve[s] the right to be heard by a jury."  He does not specify the basis for his challenge to the district court's summary judgment.  He does not argue, for example, that triable issues of fact remain; or that his claims are not barred by statutes of limitation set forth in 28 U.S.C. § 1658 and 42 U.S.C. § 2000e-5(e)(1).  In summary, Davison's brief does not identify the nature of his challenge or its factual and legal underpinnings, and is thus materially non-compliant with Rule 28.

On that basis, we GRANT Huntington's motion to dismiss summarily the appeal, and DISMISS the appeal for want of prosecution. *See Owens*, 354 F. App'x at 158.