# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2020

Lyle W. Cayce
Clerk

No. 20-30213

Latarsha Charles,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Louisiana, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-559

Before Davis, Stewart, and Oldham, *Circuit Judges*.

Per Curiam:*

Plaintiff Latarsha Charles appeals the district court's grant of summary judgment in favor of Defendant Wal-Mart Louisiana, L.L.C. ("Wal-Mart"). We dismiss the appeal.

Charles brought suit against Wal-Mart under Title I of the Americans with Disabilities Act ("ADA"). In May of 2015, Charles underwent back

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

surgery which required her to take leave from her job as an assistant manager at Wal-Mart in Lafayette, Louisiana. Wal-Mart gave Charles one year of medical leave before Charles's physician cleared her for work around July 2016. Charles's work limitations included a six-hour work day, a four to five-day work week, and a 15-pound lifting restriction.

Upon her return to work, Charles was not allowed to continue as an assistant manager because she could not perform essential assistant manager duties with her restrictions. Wal-Mart, instead, offered to help reassign Charles to a different position and explored several options with her including positions such as pharmacy technician, tire and lube service writer, optical technician, personnel coordinator, and training coordinator. Wal-Mart gave Charles 12 weeks leave to pursue this reassignment. Charles expressed some limited interest in Vision Center and tire and lube positions at four particular stores, but Wal-Mart advised her each week that such positions were not open. The only position that Charles actively pursued was a Vision Center position at the New Iberia Wal-Mart. Charles was told through a co-worker at her store's Vision Center that a Vision Center position at the New Iberia store might open within a few days. This particular Vision Center position, however, was never available. Charles did not pursue other options, and at the end of the 12-week leave, she was terminated. Based on these events, Charles alleges that Wal-Mart did not provide her reasonable accommodations under the ADA.

Wal-Mart filed a motion for summary judgment arguing that Charles did not establish a prima facie disability discrimination case or, alternatively, did not establish pretext for her termination. The district court found there was no genuine issue of fact that Charles could not perform the essential functions of an assistant manager, and that the Vision Center position she requested was unavailable. Further, the district court found that there was no genuine issue of fact that Wal-Mart terminated Charles for a legitimate, non-

discriminatory reason. Accordingly, the district court granted Wal-Mart's motion, reasoning that Charles did not establish a prima facie case under the ADA and that she could not establish that her termination was pretextual. Charles appealed the ruling pro se.

Charles's brief does not adequately address any alleged error committed by the district court. Under Federal Rule of Appellate Procedure 28(a)(8)(A), an appellant must brief an argument that contains "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." We liberally construe pro se litigants' briefs; however, pro se litigants must still "brief the issues and reasonably comply with the standards of Rule 28."[1]

The bulk of Charles's brief is a long recitation of facts under the heading, "Statement of the Case." At the end of the brief, Charles provides a summary of the argument which provides a one-and-a-half-page outline of legal conclusions related to the ADA. No authority on the ADA is cited, and no argument is made as to why the district court erred in granting summary judgment.

The appeal is therefore DISMISSED for want of prosecution.

---

[1] *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) (quoting *Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011)).