# United States Court of Appeals for the Fifth Circuit

No. 21-20660
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2022

Lyle W. Cayce
Clerk

Debra-Ann Wellman,

*Plaintiff—Appellant*,

*versus*

HEB Grocery Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3139

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Debra-Ann Wellman brings various state and federal law claims against HEB. The district court granted HEB's motion for judgment on the pleadings. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20660

Debra-Ann Wellman was an employee of HEB Grocery Company ("HEB"). Wellman alleges that HEB employees discriminated against, abused, stalked, and harassed her for not participating in their purportedly illegal activities. Proceeding *pro se*, Wellman sued HEB in district court, alleging various state and federal claims in her amended complaint. The district court granted HEB's motion for judgment on the pleadings. Wellman appeals.

We review a district court's decision to grant a motion for judgment on the pleadings *de novo*. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017).

First, Wellman alleges that HEB "deliberately" caused her "physical bodily harm" through alleged tortious acts of its employees. In Texas, employer liability for intentionally tortious actions of an employee requires that such actions be "closely connected with the employee's authorized duties." *M.D.C.G. v. United States*, 956 F.3d 762, 769 (5th Cir. 2020) (quoting *G.T. Mgmt., Inc. v. Gonzalez*, 106 S.W.3d 880, 884 (Tex. App.—Dallas 2003, no pet.)). Wellman does not proffer any evidence suggesting that the alleged acts were performed within the scope of these employees' employment. Accordingly, HEB is not liable for any intentional torts allegedly committed by its employees.

Second, Wellman also brings claims arising under federal statutes, namely the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Nondiscrimination Act ("GINA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). We consider these in turn.

Concerning her ADA claim, we understand that Wellman's alleged physical disability stems from an October 31, 2019 incident when she was electrically shocked and thrown to the ground. Wellman suggests that she was negatively affected after this incident by HEB's failing to provide

2

necessary medical care, continuing to stalk her, and interfering with her ability to obtain counsel. But Wellman's complaint does not suggest that HEB's alleged conduct was on the "basis of [her] disability," 42 U.S.C. § 12112(a), which requires showing, *inter alia*, "that [she] was subject to an adverse employment decision *on account of* [her] disability." *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (emphasis added). Accordingly, she fails to establish a prima facie case of ADA discrimination.

With respect to her ADEA claim, Wellman did not wait the required sixty days from filing an EEOC charge to file a civil action; therefore, she did not exhaust her administrative remedies. 29 U.S.C. § 626(d); *Julian v. City of Houston*, 314 F.3d 721, 726 (5th Cir. 2002). Wellman also did not exhaust administrative remedies for her GINA claim because her EEOC charge did not allege any GINA-specific facts nor have the requisite checked box indicating a genetic information discrimination claim. *See Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 490 (5th Cir. 2010) (district court did not err in determining unchecked claims on EEOC charges were unexhausted).

Concerning her Title VII disparate treatment claim, Wellman's only alleged adverse employment action is that she was "never allowed to move forward or laterally, in her career." But Wellman does not show the requisite nexus between this alleged action and any alleged protected status sufficient for disparate treatment. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). With respect to a Title VII retaliation claim, Wellman does not plead any facts showing that she was engaging in the type of activity that would qualify her for Title VII's antiretaliation protections. 42 U.S.C. § 2000e-3(a). Finally, Wellman's hostile work environment claim cannot succeed because Wellman's proffered evidence of comments from coworkers about her Italian heritage and Catholic religious affiliations were largely episodic and insufficient to support such a claim. *See White v. Gov't Emps. Ins. Co.*, 457 F. App'x 374, 381–82 (5th Cir. 2012) (evidence of only a few incidents does

"not rise to the level of severity or pervasiveness required to support a hostile work environment claim.").

Wellman's other arguments challenging various aspects of the district court's adjudication are similarly without merit. She challenges her lack of appointed counsel, but in civil cases, a party has "no automatic right to the appointment of counsel," and "a federal court has considerable discretion in determining whether to appoint counsel." *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). Her various arguments alleging impropriety by the district court are not supported by the record.[1]

For the foregoing reasons, we AFFIRM.

---

[1] Any other arguments Wellman did not raise in her brief are waived, even under the more liberal standards we afford *pro se* litigants. *Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013).