# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2022

Lyle W. Cayce
Clerk

No. 22-20112

Auner Alexander Garcia-Lopez,

*Plaintiff—Appellant*,

*versus*

Waste Management of Texas, Incorporated; Unnamed Company X,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:21-cv-00944

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellant Auner Garcia-Lopez ("Garcia-Lopez") challenges the dismissal of his claims under the Trafficking Victims Protection Act ("TVPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Garcia-Lopez contends that the district court

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

No. 22-20112

erred in dismissing his complaint. For the reasons explained below, we AFFIRM the district court's dismissal.

I

Garcia-Lopez was an employee of Defendant-Appellee Waste Management of Texas ("Waste Management") from 2011 to 2014. Garcia-Lopez is a citizen of El Salvador and was never authorized to work in the United States.

In 2012, in coordination with Unnamed Company X ("Company X"), a staffing agency, and with Waste Management's knowledge, Garcia-Lopez obtained false identification so that he could continue working for Waste Management. A 2014 criminal investigation into Waste Management's practice of hiring illegal immigrants resulted in the convictions of several Waste Management managers. In connection with this investigation, Garcia-Lopez was terminated from his position with Waste Management.

On March 23, 2021, Garcia-Lopez filed a complaint against Waste Management and Company X, asserting claims of involuntary servitude, trafficking, and forced labor under the TVPA. The complaint also included a RICO claim alleging that Waste Management and Company X formed a RICO enterprise. Garcia-Lopez alleged that the TVPA violations were the predicate acts for the alleged pattern of racketeering activity required for a RICO claim.

Garcia-Lopez filed his First Amended Complaint ("FAC") on April 13, 2021. On June 14, 2021, Waste Management moved to dismiss the FAC under Rule 12(b)(6), and Garcia-Lopez responded by filing his Second Amended Complaint ("SAC").

On August 11, 2021, Waste Management moved to dismiss the SAC under Rule 12(b)(6). On January 27, 2022, the district court granted Waste

2

No. 22-20112

Management's motion to dismiss. The district court found that Garcia-Lopez did not adequately plead his forced labor claims, and having failed to state a TVPA claim, Garcia-Lopez lacked the requisite predicate criminal acts for his RICO claim. Garcia-Lopez's unjust enrichment claim was also dismissed as time-barred.

## II

An appellate court conducts a *de novo* review of a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Clyce v. Butler,* 876 F.3d 145, 148 (5th Cir. 2017). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 12(b)(6) (stating that claims will be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view the well-pleaded facts in the light most favorable to the plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *see also Iqbal*, 556 U.S. at 678. Further, a "complaint must allege 'more than labels and conclusions'" *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555), and will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). And though "we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

No. 22-20112

## III

The Federal Rules of Appellate Procedure require parties to provide references to the page numbers of the record to support statements of fact. Fed. R. App. P. 28(a)(6) and (8)(A); 5th Cir. R. 28.2.2. "Failure to comply with the rules of this court regarding the contents of briefs can be grounds for dismissing a party's claims." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (per curiam). Dismissal is warranted where the non-compliance is not merely "technical or stylistic" but rather is so "fundamental" that it prevents the court from engaging in meaningful review. *Owens v. Sec'y of Army,* 354 Fed. Appx. 156, 158 (5th Cir.2009) (per curiam) (dismissing appeal for want of prosecution on the ground that appellant's brief "lacks any argument in support of the issues that it raises"); *see also Clark v. Waters,* 407 Fed. Appx. 794, 796 (5th Cir.2011) (per curiam) (affirming dismissal on the grounds that appellant's brief "is grossly non-compliant with Rule 28"). Garcia-Lopez lays out several assertions in his brief but includes no citations to the record as required by the rules. *See* Fed. R. App. P. 28(a)(6) and (8)(A); 5th Cir. R. 28.2.2. Accordingly, in addition to the other independent grounds for dismissal outlined below, we dismiss Garcia-Lopez's appeal for gross non-compliance with the rules. *See Clark*, 407 Fed. Appx. at 796.

## IV

Section 1589 of the TVPA provides criminal penalties for "forced labor," and Section 1595 authorizes victims of forced labor to assert private civil claims. 18 U.S.C. §§ 1589, 1595(a). Garcia-Lopez's claims arise under the forced labor provision found in § 1589(a)(3). The plain language of the statute makes clear that to plead a civil claim under § 1595(a) premised on violations of § 1589(a)(3), a plaintiff must plead allegations sufficient to satisfy that an abuse of law was: (1) undertaken "to exert pressure" on the plaintiff; (2) done "knowingly" by the defendant; and (3) that caused the

No. 22-20112

plaintiff to provide labor or services he would otherwise not have willingly provided. 18 U.S.C. §§ 1589(a)(3), 1595(a), 1589(c)(1). "Abuse or threatened abuse of law or legal process" means

> [T]he use or threatened use of a law or legal process . . . in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

18 U.S.C. 1589(c)(1). The district court found that Garcia-Lopez failed to adequately allege in the SAC that Waste Management knowingly abused any law or legal process to exert pressure on Garcia-Lopez to procure labor or services from him that he would not have willingly provided. We agree. Garcia-Lopez fails to plead any of the three statutorily required elements to support his claim. In his brief, Garcia-Lopez suggests that Waste Management's involvement with and knowledge of the use of fake identities is sufficient to meet this requirement. This is incorrect. To meet the TVPA pleading requirements, Garcia-Lopez must identify a law or legal process that Waste Management knowingly used or threatened to use in a manner for which it was not designed to pressure or coerce labor from Garcia-Lopez. 18 U.S.C. § 1589(a)(3). Nowhere within the SAC or his brief does Garcia-Lopez allege this.

Furthermore, Garcia-Lopez's assertion that he wanted to "keep his job" undercuts the statutory requirement that his employment be involuntary. Thus, Garcia-Lopez has failed to meet the pleading requirements for his § 1589(a)(3) claims. As Garcia-Lopez's claim under 18 U.S.C. 1589(b) was contingent on his 1589(a)(3) claims, the district court correctly dismissed Garcia-Lopez's 1589(b) claim. Accordingly, the District

Court correctly dismissed Garcia-Lopez's TVPA claims, and the District Court's decision is AFFIRMED.

## V

Aside from two cursory mentions, Garcia-Lopez failed to address the dismissal of his RICO claim in his brief. A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it. *United States v. Skilling,* 554 F.3d 529, 568 n.63 (5th Cir. 2009) (citing *United States v. Lindell,* 881 F.2d 1313, 1325 (5th Cir.1989)). It is not enough to merely mention or allude to a legal theory. *See, e.g.*, *McIntosh v. Partridge,* 540 F.3d 315, 325 n.12 (5th Cir. 2008). Accordingly, in addition to the independent grounds for dismissal of his RICO claim outlined below, Garcia-Lopez's RICO claim has been waived.

Notwithstanding the waiver of this claim, a successful RICO claim requires a "pattern of racketeering activity" which is absent here. *St. Germain v. Howard*, 556 F.3d 261 (5th Cir. 2009). A "pattern of racketeering activity" requires two or more predicate criminal acts, which are listed in 18 U.S.C. § 1961(1). Garcia-Lopez avers that the violations of the TVPA suffice as the predicate acts for purposes of his RICO claim. Because the District Court correctly dismissed Garcia-Lopez's claims under the TVPA, those alleged violations cannot be predicate acts for purposes of alleging a RICO violation. As Garcia-Lopez has suggested no alternative predicate acts, he has failed to properly plead his RICO claim. Accordingly, the District Court properly dismissed Garcia-Lopez's RICO claim and we AFFIRM the District Court's decision.

## VI

The judgment of the district court is AFFIRMED.