# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2023

Lyle W. Cayce
Clerk

No. 22-60376

Bessie Moore,

*Plaintiff—Appellant*,

*versus*

Jackson Public School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-817
USDC No. 3:19-CV-883

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Bessie Moore, a longtime employee of the Jackson Public School District ("JPSD"), brought multiple lawsuits titled *Moore I*, *Moore II*, and *Moore III* against JPSD, alleging, amongst other things, retaliation under Title VII. The district court granted JPSD's motions for summary judgment on Moore's retaliation claims in *Moore I* and *Moore II*. Those orders are the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

subject of this appeal, and for the same reasons as the district court, we **AFFIRM**.

## I. Background

Moore worked as a librarian for JPSD for a number of years. In June 2017, and against her wishes, Moore was transferred to Smith Elementary School. Moore filed an EEOC complaint alleging that her transfer was retaliation for a prior EEOC charge and that she was also being discriminated against on the basis of her age and sex. After not appearing for the first several days of the school year, Moore began working at Smith Elementary. The principal of Smith Elementary, Benjamin Torrey, asked Moore to run the school's Accelerated Reader program. Moore refused. Moore then re-arranged the school library. Principal Torrey informed Moore that the new library configuration did not comply with Mississippi Department of Education ("MDE") requirements and that she would need to develop a plan to bring the library into compliance. Instead, Moore stopped coming to work and did not return for the next five months.

During her absence, Moore filed several complaints against Torrey for being mean and asking her to run the accelerated reader program. Moore also requested another transfer. That request was denied, which Moore appealed. Moore also requested that her personal belongings, which she left at Smith Elementary, be "transferred to an agreed location" so as "to avoid any further confrontation with the principal." Moore's appeal was denied, and she filed another EEOC charge for retaliation. While Moore was absent from her place of work, the library was re-arranged to comply with MDE standards. Moore's personal belongings were removed from the library and stored as part of this rearrangement. On February 8, 2018, Moore returned to work, found her property missing from the library, and claimed that

No. 22-60376

Principal Torrey had stolen it. Moore reported the theft and sued Principal Torrey in Hinds County Justice Court.

Moore worked at the school for a total of nine days between her return on February 8, 2018, and April 3, 2018. On April 3, 2018, Moore met with Principal Torrey and was placed on a performance improvement plan. Moore did not return to work for the rest of the school year. Despite her extensive absences, the JPSD Board of Trustees met and approved a new contract for Moore on April 18, 2018. This contract was sent to Smith Elementary for her signature. Principal Torrey and Human Resources Executive Director Saundra Lyons ("Lyons") called Moore multiple times to get her to sign her contract, but she did not respond. On May 29, 2018, JPSD's in-house counsel wrote to Moore and requested that she inform the district of her intent to continue working the following year. Moore did not respond; thus, her contract was voided at the June 7, 2018, JPSD Board of Trustees meeting. Eleven days after her contract was voided, JPSD received a letter from Moore expressing her intent to return to work. Lyons responded with a letter summarizing the timeline of events that led to the voiding of Moore's contract. Moore then reapplied to work at JPSD and was hired to work at Peeples Middle School.

## II. Procedural Background

Moore has filed three lawsuits, *Moore I*, *Moore II*, and *Moore III*, against JPSD. The district court first issued an order in *Moore I* granting JPSD's motion for summary judgment on Moore's claims of retaliation for allegedly being micromanaged, being "peered" at, and receiving unfair work assignments. The district court correctly decided that these actions did not rise to the level of materially adverse employment actions. The district court then issued a second order, granting summary judgment to JPSD on Moore's claims that Principal Torrey retaliated against her—for complaining about

No. 22-60376

his alleged harassment—by stealing her personal belongings while she was absent from the school. In that same order, the district court granted JPSD's motion for summary judgment in *Moore II* on Moore's claims that JPSD retaliated against her—for filing her November 30, 2017, EEOC charge—by voiding her contract. Moore appeals these orders.

## III. Legal Standard

We review the grant of summary judgment *de novo. Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 368 (5th Cir. 2017). Summary judgment is proper if the movant shows that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020) (citing Fed. R. Civ. P. 56(a)). A fact is "material" if resolving it one way or another would change the outcome of the lawsuit. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). A genuine dispute over that fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357–58 (5th Cir. 2017) (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). We view the evidence in the light most favorable to the nonmovant and resolve factual controversies in the nonmovant's favor. *Id.* at 326 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

## IV. Discussion

Moore, who proceeded *pro se*, lays out several assertions in her brief but includes no citations to the record as required by the rules. The Federal Rules of Appellate Procedure require parties to provide references to the page numbers of the record to support statements of fact. Fed. R. App. P. 28(a)(6) and (8)(A); 5th Cir. R. 28.2.2. Failure to comply with the rules of this court regarding the contents of briefs can be grounds for dismissing a party's claims. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (per

curiam). Dismissal is warranted where the non-compliance is not merely "technical or stylistic" but rather is so "fundamental" that it prevents the court from engaging in meaningful review. *Owens v. Sec'y of Army,* 354 F. App'x 156, 158 (5th Cir. 2009) (per curiam) (dismissing appeal for want of prosecution on the ground that appellant's brief "lacks any argument in support of the issues that it raises"); *see also Clark v. Waters,* 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam) (affirming dismissal on the grounds that appellant's brief "is grossly non-compliant with Rule 28"). Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (footnote omitted) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[P]ro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.")). Accordingly, in addition to the other independent grounds for dismissal outlined below, we dismiss Moore's appeal for gross non-compliance with the rules. *See Clark*, 407 F. App'x at 796.

### *Moore I* – First Summary Judgment Order

In Title VII cases lacking direct evidence, a plaintiff must establish a *prima facie* case of retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). For Moore to establish a *prima facie* case of retaliation she must show, that "(1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). If a plaintiff can establish a *prima facie* case of retaliation, the burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for its conduct. *McDonnell* 411 U.S. at 802. However, summary judgment is

appropriate if the plaintiff cannot support all three elements. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir. 2001).

Moore alleged that the following were materially adverse employment actions that she suffered: being reprimanded in the presence of others, being assigned a specific seat in a meeting, being micromanaged, being denied the opportunity to speak in open discussions, being directed to perform other teacher's responsibilities, JPSD not facilitating her projects, being peered at, someone moving a pencil sharpener, having her belongings removed from the library, and Principal Torrey changing the locks on the library door. The district court ruled that this alleged conduct was not materially adverse. *See, e.g.*, *King v. Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008) (per curiam), *Earle v. Aramark Corp.*, 247 F. App'x 519, 524 (5th Cir. 2007) (per curiam), *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009), *Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 404, 407 (5th Cir. 2007) (per curiam).

On appeal, Moore states that she "feels that the district court may have applied the wrong causation standard when evaluating whether she made a *prima facie* case of retaliation; and failed to consider the entirety of the evidence." Moore provides no case law or citation to the record to support this feeling. "A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). Having failed to brief this argument, it is deemed to have been waived.

Notwithstanding the waiver of this argument, Moore's appeal fails because the district court never ruled on causation and thus could not have erred in applying the wrong standard. The district court never ruled on causation because Moore failed to clear the hurdle of establishing a *prima facie* case of retaliation by failing to allege conduct that rises to the level of an adverse employment action. The district court cited a multitude of decisions by

this Court that show the alleged conduct does not qualify as adverse employment actions. Since an adverse employment action is a prerequisite for establishing a *prima facie* case of retaliation, the district court did not err in its judgment and is **AFFIRMED** as to its first summary judgment order from *Moore I.*

### *Moore I* – Second Summary Judgment Order

The second summary judgment order regarding *Moore I* centers on Moore's allegation that Principal Torrey stole her property. After reviewing new evidence regarding the removal of Moore's property from the library, the district court found that "this new evidence, at most, demonstrates that there was a misunderstanding—not, as plaintiff previously alleged, a deliberate theft." Citing binding Fifth Circuit and Supreme Court precedent, the district court found that this conduct does not rise to the requisite materially adverse standard and instead falls into the category of "petty slights, minor annoyances, and simple lack of good manners that the Supreme Court has recognized are not actionable retaliatory conduct." *See Stewart* 586 F.3d at 332 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). As with her previous claims in *Moore I*, Moore claims that the district court applied the wrong causation standard. Again, Moore failed to brief this issue; thus, it is deemed waived. *Scroggins*, 599 F.3d at 446. Additionally, Moore's appeal fails since the district court never ruled on causation. Moreover, the district court correctly ruled that removing Moore's property from the library did not amount to an adverse employment action. Therefore, the district court's judgment in the second summary judgment order in *Moore I* is **AFFIRMED.**

### *Moore II* – Second Summary Judgment Order

Moore's final issue on appeal is that JPSD retaliated against her by failing "to tender Moore a contract." In fact, a contract was approved for

No. 22-60376

Moore by the JPSD Board of Trustees on April 18, 2018; however, Moore never responded to calls or emails regarding executing the contract or made any inquiries until after her contract was voided along with all the other unsigned contracts on June 7, 2018. The district court noted that the nonrenewal of a contract can qualify as a materially adverse action but "the evidence in the record shows that that was not the case here." The district court explained that JPSD presented evidence "that all employee contract renewals, including plaintiff's, took place during the April 18 JPSD Board meeting." Accordingly, "at most," Moore could allege that "JPSD delayed tendering her renewal contract," but, that would still not rise to the level of an adverse employment action. On appeal, Moore argues again that the district court applied the wrong causation standard. Moore once again failed to properly brief this issue, and thus, it is waived. *Scroggins*, 599 F.3d at 446. Notwithstanding this waiver, Moore's appeal fails because causation was never contemplated by the district court due to Moore's failure to establish a *prima facie* case of retaliation. Accordingly, the district court's summary judgment order for *Moore II* is **AFFIRMED.**

## V. Conclusion

The judgment of the district court is **AFFIRMED**.