# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2023

Lyle W. Cayce
Clerk

No. 22-60471

BESSIE MOORE,

*Plaintiff—Appellant*,

*versus*

JACKSON PUBLIC SCHOOL DISTRICT,

*Defendant—Appellee*.

Appeal from the United States United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-00531

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Bessie Moore, a longtime employee of the Jackson Public School District ("JPSD"), brought multiple lawsuits against JPSD which we title *Moore I*, *Moore II*, and *Moore III*. The district court granted JPSD's motions for summary judgment on Moore's retaliation claims in *Moore I* and *Moore II*, and this court has affirmed those orders. *See Moore v. Jackson Public School*

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*District,* No. 22-60376. The district court also granted JPSD's motion to dismiss in *Moore III*, which is the subject of this appeal. We **AFFIRM**.

## Procedural Background

Moore named JPSD, the JPSD Board of Trustees, and JPSD Superintendent Dr. Errick Greene as defendants in *Moore III*. In *Moore III*, Moore asserted claims for sex discrimination under Title VII, age discrimination under the Age Discrimination in Employment Act ("ADEA"), retaliation under both Title VII and the ADEA, disparate impact discrimination claims under both Title VII and the ADEA, and another undifferentiated "§ 1983" claim. The district court granted JPSD's motion to dismiss in its entirety.

## Discussion

Moore, who is proceeding *pro se*, lays out several assertions in her brief but includes no citations to the record as required by the rules. The Federal Rules of Appellate Procedure require parties to provide references to the page numbers of the record to support statements of fact. Fed. R. App. P. 28(a)(6) and (8)(A); *see also* 5th Cir. R. 28.2.2. Failure to comply with the rules of this Court regarding the contents of briefs can be grounds for dismissing a party's claims. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) (per curiam). Dismissal is warranted where the non-compliance is not merely "technical or stylistic" but rather is so "fundamental" that it prevents the court from engaging in meaningful review. *Owens v. Sec'y of Army,* 354 F. App'x 156, 158 (5th Cir. 2009) (per curiam) (dismissing appeal for want of prosecution on the ground that appellant's brief "lacks any argument in support of the issues that it raises."); *see also Clark v. Waters,* 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam) (affirming dismissal on the grounds that appellant's brief "is grossly non-compliant with Rule 28"). Although we liberally construe briefs of *pro se* litigants and apply less stringent

standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (footnote omitted) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[P]ro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.")). Accordingly, in addition to the other grounds for dismissal outlined below, we dismiss Moore's appeal for gross non-compliance with the rules. *See Clark*, 407 F. App'x at 796.

Furthermore, Moore's brief does not meaningfully address the basis for the district court's dismissal. As mentioned above, *pro se* briefs are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Moore's failure to address the basis for the district court's dismissal, "without even the slightest identification of any error in [the court's] legal analysis or its application to [her] suit . . . is the same as if [she] had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court judgment is **AFFIRMED**.

3