# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

No. 22-50579
Summary Calendar

—————————

Reginald Harris,

*Plaintiff—Appellant*,

*versus*

FNU Watson, *Hillsboro Police Officer*; Vernon Busby, *Hill County Sheriff Deputy*; Officer Rogers,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-1216

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Reginald Harris, proceeding pro se, sued Officer Watson, Deputy Busby, and Officer Rogers (collectively "Defendants"), asserting they violated the Constitution and federal and state law when they arrested him in February 2021. The district court dismissed Harris's constitutional and federal law claims under Federal Rule of Civil Procedure 12(b)(6) and

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

subsequently declined to exercise supplemental jurisdiction over his remaining state law claims.

Harris appears to raise two main issues on appeal. Though his brief is difficult to parse, he seems to argue that the district court erred in dismissing his claims because (1) it failed to rule on his "Motion for Prohibitory Injunction and Immunity," filed January 14, 2022, and (2) he sufficiently pleaded that Defendants committed a variety of state and federal law violations when they arrested and detained him.

Harris's first argument is without merit. Even assuming the district court was required to rule on Harris's request, "[t]he denial of a motion by the district court, although not formally expressed, may be *implied* by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). The district court's order dismissing Harris's case under Rule 12(b)(6) is inconsistent with his request for release and immunity from criminal trial on the grounds that he was "unlawful[ly] arrested." Therefore, the district court "implicitly denied that request and thereby satisfied its duty, if any, to issue a ruling." *Peña v. Lone Star Nat'l Bank, N.A.*, 807 F. App'x 353, 357 (5th Cir. 2020) (per curiam).[1]

Harris has inadequately briefed, and thus abandoned, all other points of error. Even construed generously, his brief at most provides a few conclusory assertions that Defendants committed statutory and constitutional violations. He wholly fails, however, to explain *how* or *why* the district court erred in dismissing his claims. Under our precedents,

---

[1] Although *Peña* and other unpublished opinions cited herein are "not controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

neglecting to address the basis for the district court's dismissal amounts to a failure to appeal the underlying judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Holman v. Collier*, 830 F. App'x 738, 738–39 (5th Cir. 2020) (per curiam) (observing that "even pro se litigants must brief arguments in order to preserve them").

Along the same lines, Harris's brief is grossly non-compliant with the Federal Rules of Appellate Procedure. While his brief is replete with legal jargon and irrelevant jurisdictional statements, he fails to set forth any record cites, specific facts, or relevant authorities supporting his position. *See, e.g.*, FED. R. APP. P. 28(a)(6), (a)(8)(A). While we construe the briefs of pro se litigants liberally, they nonetheless "must abide by the Federal Rules of Appellate Procedure." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam). Such fundamental failure to properly present and argue any points of error precludes us from engaging in meaningful review. *See, e.g.*, *Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam) (affirming dismissal because appellant's brief "[was] grossly non-compliant" with the Federal Rules of Appellate Procedure). Accordingly, we deem Harris's arguments on appeal abandoned. *Id.; see also United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (per curiam).

We therefore AFFIRM the district court's dismissal of Harris's claims.[2]

---

[2] Motion to appoint counsel is denied.