# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2024

Lyle W. Cayce
Clerk

No. 24-20135

Daniel Montes, Jr.,

*Plaintiff—Appellant*,

*versus*

Bertha A. Tibbs,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1352

---

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

In this breach-of-contract dispute, the appellant appeals the dismissal of his complaint for lack of subject-matter jurisdiction and his designation as a vexatious litigant. We AFFIRM the judgment as MODIFIED.

### I

Daniel Montes, Jr., a citizen of Mexico, seeks damages for an alleged breach of an oral contract between his mother and several other family

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20135

members, all of whom are citizens of Texas, to share the costs of support for Montes's grandmother. Montes alleges that the other family members stopped contributing to his grandmother's support, which allegedly required Montes's mother to pay the costs herself. This in turn reduced the money he stood to inherit. Montes asked his mother to assign the interest in her claim for breach of the agreement to him, and he filed this *pro se* lawsuit against his aunt, Bertha Tibbs, on April 7, 2023.

On June 2, 2023, Tibbs moved to dismiss the complaint for lack of subject-matter jurisdiction and designate Montes as a vexatious litigant. The district court found that although the parties appeared diverse on the face of the complaint under 28 U.S.C. § 1332(a), Montes's citizenship was procured improperly under 28 U.S.C. § 1359, so diversity jurisdiction was absent. It also found that Montes was a vexatious litigant and barred him "from filing further pleadings or actions in the Southern District of Texas without the prior written permission of the Chief Judge of the United States District Court for the Southern District of Texas or his or her designee."[1] The district court entered final judgment on March 14, 2024, dismissing Montes's claims with prejudice. Montes timely appealed.

## II

### A

Although the district court found diversity jurisdiction lacking, we have jurisdiction to evaluate the district court's determination, *see Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 811 (5th Cir. 2021), which we review *de novo*, *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal*

---

[1] The district court noted that Montes had previously been labeled as a "vexatious litigant" in prior litigation with many of the same family members who were parties to the agreement to provide support for his grandmother.

*Dist.*, 82 F.4th 402, 408 (5th Cir. 2023). "The party seeking the federal forum, here [Montes], has the burden of establishing diversity jurisdiction." *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 939 (5th Cir. 2018). We conduct this analysis bearing in mind that "document[s] filed *pro se* [are] 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## B

The complaint asserts that Montes and Tibbs are citizens of Mexico and Texas, respectively. "Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000."[2] *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017). Diversity of the parties exists where "the matter in controversy" is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Here, however, the district court determined that Montes improperly procured his citizenship to invoke diversity jurisdiction via the assignment of his mother's claim. *See id.* § 1359.

Under § 1359, district courts have no jurisdiction over "civil action[s] in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke" jurisdiction. "Section 1359 is designed to prevent the litigation of claims in federal court by suitors who by sham, pretense, or other fiction acquire a spurious status that would allow them to invoke the limited jurisdiction of the federal courts." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1067 (5th Cir. 1990); *see id.* (describing the statute's purpose as "prevent[ing] the manipulation of jurisdictional facts where none existed before"). "In effect, Section 1359 closes the federal courthouse doors to

---

[2] The parties do not contest that the amount-in-controversy requirement is met.

controversies that properly should be litigated in state tribunals." 13F Charles Alan Wright et al., Federal Practice and Practice § 3637 (3d ed.).

As the party invoking jurisdiction, Montes must demonstrate that he did not act improperly to procure diversity jurisdiction. In making its determination, the district court considered six factors:

> (1) whether there was nominal or no consideration involved in the assignment; (2) whether the assignee had any previous connection to the assigned claim; (3) whether there was a legitimate business reason for the assignment; (4) whether the timing of the assignment suggests it was merely an effort to secure federal diversity jurisdiction; (5) whether the assignor exercises any control over the conduct of the litigation; and (6) whether the assignor retains any interest in the action such as receiving a portion of the assignee's recovery.

*Hytken Fam. Ltd. v. Schaefer*, 431 F. Supp. 2d 696, 699–700 (S.D. Tex. 2006).[3]

Montes first contends that consideration was paid for the assignment. But the evidence he points to is the assignment itself, which only states that "other good and valuable consideration" was exchanged. This evidence does not permit an evaluation of whether the consideration was paid and, if so, whether it was nominal. Montes contends that the consideration was a

---

[3] Montes contends that these factors constitute an incorrect legal standard. Other circuits consider additional (albeit functionally identical) factors. *See, e.g.*, *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 916–17 (8th Cir. 2015) (eight factors); *Nat'l Fitness Holdings, Inc. v. Grand View Corp. Ctr., LLC*, 749 F.3d 1202, 1205–06 (10th Cir. 2014) (seven factors). Nevertheless, these factors are only a "helpful guide" in the § 1359 analysis—they are a non-exhaustive list of considerations for answering the ultimate question of "whether an assignment of a legal claim functioned as part of a scheme to manufacture diversity jurisdiction." *See Branson Label*, 793 F.3d at 916. We therefore need not determine at this time the "precise list of circumstances" to be considered. *See id.*

$5,000 lump sum, but statements in a brief are not evidence. *See D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 457 (5th Cir. 2010) ("[A]rguments by counsel are not evidence."). This factor weighs against jurisdiction.

Montes states that he was previously connected to the claim because (i) the agreement provided financial support for Montes's grandmother; (ii) Montes's "aunts and uncle" allegedly breached the agreement; and (iii) Montes's inheritance was reduced due to the alleged breach. This contention hinges on Montes's ability to recover for loss of inheritance, which Texas law does not recognize outside of wrongful-death actions. *See Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 633 (Tex. 1986). Furthermore, Montes alleges nothing in the complaint nor offers any evidence to show that he was an intended third-party beneficiary under the agreement. Because the record does not demonstrate a previous connection between Montes and the assigned claim, this factor weighs against jurisdiction.

Montes claims that his "purchase[]" of the assignment—"in hopes of a return on an investment"—is a legitimate business reason. That reason may be legitimate in other contexts, but it does not demonstrate why this factor should favor him. Montes explains only that he seeks to recover money he believes *he* is due, but he actually brings his *mother*'s claim via assignment. Hoping to recover money in a lawsuit is not a legitimate business reason justifying the assignment of a claim for § 1359 purposes. This factor weighs against jurisdiction.

Montes argues that the timing of the assignment is not cause for concern because he moved to Mexico three years before the assignment was executed, and he filed the action in district court within four months of the execution. The timing of Montes's move to Mexico is not relevant, as this factor concerns the timing of the assignment in relation to when the case was

filed. The record demonstrates that when Montes learned that the inheritance he expected had been depleted, he "immediately asked" his mother "to assign him the entire debt owed her [sic], and he then immediately filed this federal civil action." As Montes's sworn words demonstrate, the assignment was executed so he could bring this lawsuit. This factor therefore weighs against jurisdiction.

According to Montes, his mother "has no control nor influence over the conduct of" the litigation and "is only a material eyewitness to the facts regarding the terms of the Assignment." At best, this factor is neutral given the absence of evidence supporting his contention.

Montes contends that his mother "has no interest nor shall receive any recovery if [he] happens to prevail and recover any damages." As with the previous factor, this contention makes this factor neutral at best considering the absence of supporting evidence.

\* \* \*

Four factors ultimately weigh against jurisdiction, and two factors—viewed in the light most favorable to Montes—are neutral. Considering them together, Montes has not met his burden to show that the assignment was not executed to create diversity jurisdiction. Accordingly, the district court correctly determined diversity jurisdiction is lacking, and the action must be dismissed. But because the district court's dismissal order was based on a lack of subject-matter jurisdiction, we modify the judgment to dismiss *without* prejudice. *See Abdullah v. Paxton*, 65 F.4th 204, 208 n.3 (5th Cir. 2023) (per curiam) ("[D]ismissals based on jurisdictional issues must, by their very nature, be without prejudice.").

No. 24-20135

III

A

The district court's order preventing Montes from filing further pleadings or actions is an injunction. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). We review the grant of an injunction for "abuse of discretion, and underlying questions of law *de novo.*" *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).[4]

B

District courts have jurisdiction to issue "pre-filing injunction[s] to deter vexatious, abusive, and harassing litigation." *Baum*, 513 F.3d at 187; *see Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam) ("A litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time."). "Such injunctions must be tailored to protect the courts and innocent parties while also protecting the right of the enjoined party to file non-frivolous lawsuits." *Nix v. Major League Baseball*, 62 F.4th 920, 937 (5th Cir. 2023). "When considering whether to enjoin future filings, the court must consider the circumstances of the case," which involves four factors: (1) the party's history of litigation; (2) the party's basis for filing the lawsuit in question; (3) the burden on the courts and others involved resulting

---

[4] Although the district court determined it did not have subject-matter jurisdiction over this action before designating Montes as a vexatious litigant, it was jurisdictionally proper for the district court to consider the issues in this sequence. *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("That the court loses jurisdiction over the litigation does not, however, deprive the district court of its inherent supervisory powers. After the termination of an action, a court may nevertheless 'consider collateral issues.'" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990))).

7

from the party's filings; and (4) the adequacy of alternative sanctions. *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (per curiam).

Montes discusses these factors in his briefing, but he does not support his arguments with citations to legal authority or the record on appeal. "Although we liberally construe *pro se* briefs, such litigants must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve them." *Clark v. Waters*, 407 F. App'x 794, 796 (5th Cir. 2011) (per curiam); *see Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) ("[P]arties filing appeals in this court, including those filing *pro se*, must adhere to the requirements of the Federal Rules of Appellate Procedure."). In his brief, Montes needed to support his "contentions and the reasons for them" with "citations to the authorities and parts of the record," Fed. R. App. P. 28(a)(8)(A), but he did not. Failure to do so constitutes forfeiture, and we do not address the issue. *See Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023).

## IV

For these reasons, we MODIFY the judgment so the dismissal for lack of subject-matter jurisdiction is without prejudice and AFFIRM the judgment as modified.